[Civ. No. 47801. First Dist., Div. Four. Feb. 11, 1980.]

ROBERT JAMES ILLINGWORTH, Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

**20**

**COUNSEL**

Andrew H. Parnes for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Herbert F. Wilkinson, Deputy Attorneys General, for Real Party in Interest and Respondent.

**OPINION**

**CHRISTIAN, J.**—Robert James Illingworth appeals from a judgment denying a writ of mandate to compel respondent municipal court to exclude from consideration in a pending drunk driving prosecution an

alleged prior conviction of the same offense. The municipal court had already denied a motion by appellant to strike the prior conviction on the ground that appellant had not effectively waived the right to counsel.

■ In misdemeanor as well as felony prosecutions, the record must reflect a knowing waiver of constitutional rights before the court accepts a plea of guilty (*Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273]). A collective announcement of rights to several defendants being arraigned together is appropriate if there is assurance that the announcement was heard and understood (*In re Johnson* (1965) 62 Cal.2d 325, 332 [42 Cal.Rptr. 228, 398 P.2d 420]; *Blake* v. *Municipal Court* (1966) 242 Cal.App.2d 731 [51 Cal.Rptr. 771]) and it is appropriate, particularly in misdemeanor courts, to use a written waiver form. In the prior drunk driving prosecution which is under challenge in the present appeal, such procedures were employed. Appellant was furnished with a waiver form detailing his rights, accompanied by a questionnaire.* The court made a general announcement to several defendants in the courtroom. ■ Review of the waiver form and of the general announcement establishes that the information given by the municipal court, concerning the constitutional rights which would be waived by a guilty plea, was accurate and complete. However, neither the waiver form nor the brief colloquy between the court and this appellant contained an explicit waiver of the right to counsel. Appellant appeared without counsel, but the court did not ask whether he wished to waive the right to counsel; the court simply inquired, "Is it now your desire to enter a plea of guilty?" After further brief colloquy a plea of nolo contendere was entered but at no point was there an explicit waiver of the right to counsel. The prior conviction must therefore be stricken (see *Stewart* v. *Justice Court* (1977) 74 Cal.App.3d 607 [141 Cal.Rptr. 589]).

The judgment is reversed with directions to issue a writ commanding respondent municipal court to strike the challenged prior conviction.

Caldecott, P. J., and Poché, J., concurred.

---

*See exhibit A, page 22.

EXHIBIT A

RIGHTS OF DEFENDANT IN CRIMINAL CASE

Defendant's Waiver of Rights by Pleading Guilty or Nolo Contendere

The word WAIVE means to GIVE UP.

In Case Number 131M772 now pending, you have the following rights:

1. You have the right to have the advice of an attorney at all stages of the proceedings and the right to a reasonable continuance to obtain counsel. If the Court finds that you are without any means to hire an attorney, the Court will appoint counsel for you with no cost to you.

2. If you plead, you may plead guilty, not guilty, not guilty because of insanity, or you may plead nolo contendere. Nolo contendere is the same as a guilty plea in legal effect but cannot be used against you as an admission in a civil action.

3. If you plead not guilty, you are entitled to a jury trial, unless you waive it, in which case you are entitled to a trial by the Court.

4. You are entitled to a speedy and public trial. Unless good cause is shown or there is a waiver of this right, you are entitled to a dismissal of the case if trial is not commenced within the specified time. In a misdemeanor case, if you are in custody at the time of arraignment, you are entitled to a trial within 30 days after such arraignment; if you are not in custody at the time of arraignment, you are entitled to a trial within 45 days after such arraignment. In a felony case, you are entitled to have a preliminary hearing in this Court within 10 days if you are in custody OR within a reasonable time if you are not in custody.

5. You have the right to have the power of the Court used to compel the attendance of witnesses and the production of evidence on your behalf by use of a Court Order supplied upon your request; the right to refuse to be a witness against yourself; the right to confront witnesses against you; the right to cross examine those witnesses; the right to be admitted to reasonable bail if you are admitted to bail; and the right to have the complaint read to you.

6. In case of a plea of guilty or of nolo contendere or in case of a conviction, you have the right to have sentence delayed for six hours but pronounced within five days.

(If defendant enters a plea of guilty or nolo contendere, the following must be completed and acknowledged by the defendant.)

Answer the following questions YES or NO in the appropriate column on the left:

Yes   No

_X_   ____   1. Do you understand the nature of the charge(s) against you?

_X_   ____   2. Do you understand all of your rights listed above?

_X_   ____   3. Do you understand that by pleading guilty or nolo contendere you give up some of your rights.

_X_   ____   4. Do you understand that if you plead guilty or nolo contendere, you GIVE UP YOUR RIGHT to a JURY TRIAL?

Answer the following questions YES or NO in the appropriate column on the left:

Yes    No

_X_   ____    5. Do you understand that if you plead guilty or nolo contendere, you GIVE UP YOUR RIGHT to have the judge order into the court all the evidence and witnesses in your favor and you GIVE UP YOUR RIGHT to be confronted by the witnesses against you, and you GIVE UP YOUR RIGHT to see, hear, question and cross examine all the witnesses against you?

_X_   ____    6. Do you understand that if you plead guilty or nolo contendere, you GIVE UP YOUR RIGHT not to testify against yourself and your right against self-incrimination?

_X_   ____    7. Do you understand that by pleading guilty you are admitting every element of the offense charged against you, and that a plea of nolo contendere has the same effect as a plea of guilty, but cannot be used against you as an admission in any civil action?

____   _X_    8. Has anyone made any promises of a lesser sentence, probation, reward, immunity, or anything else in order to induce you to plead guilty or nolo contendere, other than any negotiated plea previously stated to this court?

_X_   ____    9. Are you pleading guilty or nolo contendere, freely and voluntarily without threat or fear to yourself or to anyone closely related or associated with you?

_X_   ____    10. Do you understand that the matters of possible probation and sentence are to be determined solely by the court, in some cases aided by the probation department?

_X_   ____    11. Do you understand that the court will look at any prior criminal or driving record you have before pronouncing sentence?

_X_   ____    12. Do you understand that the following maximum and minimum penalties can be imposed for the offenses indicated:

| Count Number | Maximum Penalty | Minimum Penalty |
|---|---|---|
| | 6 mo CJ or $500 fine or both  6 mo Lic Susp or all three | 48 hrs. CJ or $250. fine |
| | PENALTY FOR 2ND CONVICTION WITHIN 5 YEARS | |
| | 1 yr CJ & $1000 fine 1 yr Lic suspension | Mandatory 48 hrs CJ and $250. fine |

_X_   ____    13. Having all of the above rights and information in your mind, do you still want to plead guilty or nolo contendere?

_X_   ____    14. Do you freely and voluntarily waive and give up the rights explained above?

I freely and voluntarily plead guilty or nolo contendere to the following offenses charged against me:

| Count Number | Code Section | (Write word "Guilty" or "Nolo Contendere") |
| --- | --- | --- |
| | 23102a CVC | Nolo Contendere |
| | | |

DO NOT SIGN UNLESS YOU FULLY UNDERSTAND THE ABOVE RIGHTS.

Dated this _____ day of _____ , 19 _____ , at _____

I declare under penalty of perjury the foregoing is true and correct.

_____          _____
(Signature of Attorney)                              (Signature of Defendant)