**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Paul KRANZ, Defendant and Appellant.**

**Cr. No. 967.**

Supreme Court of North Dakota.

June 28, 1984.

Patricia L. Burke, Asst. State's Atty., argued, Bismarck, for plaintiff and appellee.

Pulkrabek & Tuntland, Thomas Tuntland, argued, Mandan, for defendant and appellant.

ERICKSTAD, Chief Justice.

Paul Kranz appeals from a judgment of conviction entered by the County Court of Burleigh County on October 17, 1983, following a bench trial in which the court found him guilty of the crime of menacing, a class A misdemeanor, in violation of Section 12.1–17–05, N.D.C.C. Kranz contends

that he did not affirmatively waive his constitutional right to a trial by jury.

■ North Dakota Rule of Criminal Procedure 23(a) allows a defendant to waive the right to trial by jury. It reads:

"Trial shall be by jury in all cases as provided by law unless the defendant waives a jury trial in writing or in open court with the approval of the court and consent of the prosecuting attorney."

A defendant has the right to a speedy and public trial by an impartial jury in all criminal prosecutions. § 29–01–06(5), N.D.C.C. Section 29–16–02, N.D.C.C., requires that issues of fact be tried by a jury in any case involving a misdemeanor or felony unless jury trial is "waived by the consent of the defendant and the state's attorney *expressed in open court* and entered on the minutes of the court." [Emphasis added.] Other pertinent statutory provisions read as follows:

"Except as otherwise provided by law, a defendant in a criminal action in a county court shall be entitled to a trial by jury, and when the defendant is arraigned he shall be informed by the court of this right. If the defendant waives the right to a jury trial, an entry to that effect shall be made on the court minutes." § 27–07.1–31, N.D.C.C.

"If a defendant in a criminal action in a county court waives a trial by jury, the defendant may be tried by the court without a jury. The court shall give prior notice of the trial to the state's attorney of the county." § 27–07.1–32, N.D.C.C.

Kranz appeared for arraignment on August 8, 1983, without counsel, at which time he received a copy of the complaint dated June 17, 1983, and was informed by the trial judge of his right to counsel. The trial judge told Kranz that "if ... [he] *requested* a jury trial, then a jury would be present when the evidence was presented." He should have told Kranz that he was entitled to a jury trial unless he waived a jury trial.

The following colloquy occurred in open court, just prior to trial, on October 17, 1983:

"THE COURT: ... The record should indicate that Mr. Kranz is present; that he's not represented by counsel. I think you indicated at the time of your first appearance you intended to proceed without counsel; is that right?

"MR. KRANZ: That's correct.

"THE COURT: That the state is present through Pat Burke, assistant state's attorney.

"Are you ready to proceed, Miss Burke?

"MISS BURKE: State is, Your Honor.

"THE COURT: Are you ready to proceed, Mr. Kranz?

"MR. KRANZ: Yes, I am."

The matter proceeded to trial without a jury.

Kranz contends he was denied his constitutional right to a trial by jury. He argues the record is silent as to whether or not he waived his right to a jury trial and the mere fact that he remained silent or stood mute cannot lead to an inference of such a waiver. The State contends an effective jury trial waiver can be implied from comments made by Kranz and the conduct of the parties and court prior to trial. It argues that the requirements of Rule 23(a) were satisfied by the parties' express indications prior to trial of their readiness to proceed and by the court proceeding to try the case, when it was obvious that no jury was present. It is also argued that a request by Kranz at his arraignment for a trial date "later in the afternoon in September" suggests that he desired to be tried by the court.

■ The Sixth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, requires that defendants accused of serious crimes be afforded the right to a trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20

L.Ed.2d 491 (1968).[1] The purpose of the jury trial is to prevent governmental oppression and arbitrary law enforcement. *Brown v. Louisiana*, 447 U.S. 323, 330, 100 S.Ct. 2214, 2221, 65 L.Ed.2d 159 (1980); *Williams v. Florida*, 399 U.S. 78, 87, 100, 90 S.Ct. 1893, 1898–99, 1905, 26 L.Ed.2d 446 (1970); *Duncan v. Louisiana, supra,* 391 U.S. at 155–56, 88 S.Ct. at 1451. The right to be tried by one's peers is fundamental to the American system of criminal justice; "an inestimable safeguard against the corrupt or overzealous prosecutor and against the complaint, biased, or eccentric judge." *Duncan, supra,* 391 U.S. at 149, 156, 88 S.Ct. at 1447, 1451.

Article I, Section 13, of the Constitution of the State of North Dakota reads, in part: "The right of trial by jury shall be secured to all, and remain inviolate."

■■■ Despite the fundamental nature of the right to trial by jury, it is a right which may be waived by a defendant under certain conditions. *Ex parte Kortgaard,* 66 N.D. 555, 267 N.W. 438, 444, 105 A.L.R. 1107 (1936); *Singer v. United States,* 380 U.S. 24, 33–34, 85 S.Ct. 783, 789–90, 13 L.Ed.2d 630 (1965); *Adams v. United States ex rel. McCann,* 317 U.S. 269, 277–78, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942); *Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854, 70 A.L.R. 263 (1930). The great importance and public interest in jury trials as the normal and preferred mode of fact-finding in criminal cases precludes a defendant from waiving the right to trial by jury without the *express,* intelligent consent of the defendant and consent of the prosecutor and judge.[2]

*Adams v. United States ex rel. McCann, supra; Patton v. United States, supra.*

In *Kortgaard, supra,* the defendant, his attorneys, and the state's attorney each affirmatively expressed in open court their satisfaction with the trial court's order excusing a seriously ill juror and directing that the trial continue with the remaining eleven jurors. The defendant was convicted and thereafter petitioned the Supreme Court for a writ of habeas corpus, contending that a jury trial in a criminal case could not be waived under our State constitutional provision securing the right to trial by jury. Relying primarily on the Supreme Court's decision in *Patton, supra,* Chief Justice Burke, speaking for the Court in *Kortgaard,* said:

"It is not necessary that the right of trial by jury should be more than a guaranty to the accused, for, so long as it is guaranteed, it remains inviolate. No power can take it away from him. *He is not required to demand it. He is entitled to it when he remains mute;* but it may be to his advantage to waive it and plead guilty .... His doing so does not establish a dangerous precedent ..., for his waiver affects only himself and it is not a precedent for any other case. It is not even a precedent for himself in case of another trial, for in every trial he is entitled to a constitutional jury unless he *affirmatively* waives it with the approval of the state's attorney and the sanction of the court." *Kortgaard, supra,* 267 N.W. at 444. [Emphasis added.]

1. Although "petty offenses" are not subject to the Sixth Amendment jury provision, *Duncan v. Louisiana, supra,* 391 U.S. at 159, 88 S.Ct. at 1453, no offense can be deemed "petty" for purposes of the right to trial by jury where imprisonment for more than six months is authorized. *Baldwin v. New York,* 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970) [plurality opinion]. The maximum penalty which may be imposed upon a conviction for a class A misdemeanor is one year's imprisonment, a fine of one thousand dollars, or both. § 12.1–32–01(5), N.D.C.C. Thus, Kranz was entitled to a jury trial as a matter of Federal constitutional law. Notwithstanding what we have said here,

we base our opinion on State law and the State constitution.

2. A defendant does not have a constitutional right to waive a jury trial and insist upon a trial before the court; either the court or prosecuting attorney may withhold approval or consent and thereby preclude a defendant from waiving a trial by jury. *Singer v. United States, supra,* 380 U.S. at 36, 85 S.Ct. at 790; *State v. Pandolfo,* 98 N.W.2d 161, 163–65 (N.D.1959). "[T]he result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him." *Singer, supra.*

Kranz did not affirmatively express in words a waiver of his right to a jury trial. He was asked only if he intended to proceed without counsel; he was not asked whether or not he desired a jury trial. We have said generally that waivers of constitutional rights by a defendant are not to be inferred lightly, but must be clearly and intentionally made. *State v. Manning*, 134 N.W.2d 91, 97 (N.D.1965) [Court found no waiver of right to be secure against unreasonable search and seizure; "There must be proof of an intentional relinquishment of a known right or privilege."]. Courts should indulge every reasonable presumption against waiver. *State v. Gustafson*, 278 N.W.2d 358, 362 (N.D.1979) [Knowing and intelligent waiver of right to counsel found.]; *State v. Manning, supra*, 134 N.W.2d at 97–98. Presuming waiver of constitutional rights from a silent record is impermissible. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) [Voluntariness of guilty plea would not be presumed from silent record because such a plea involves the waiver of various fundamental rights, including the right to a trial by jury.]; *State v. Gustafson, supra.*

Considering the facts of the instant case, we agree with Kranz that he was denied his right to a jury trial. In our view the waiver of such an "inviolate" right, "essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants," *Duncan, supra*, 391 U.S. at 158, 88 S.Ct. at 1452, must be a matter of certainty and not implication. Accordingly, we find that the record does not reveal that Kranz expressly and intelligently consented to the waiver of his right to a trial by jury.

When a written waiver is not submitted, a trial court could eliminate doubt and safeguard the rights of a defendant by obtaining an express statement of the defendant specifically indicating on the record that a jury trial is or is not waived. By doing so, a court will eliminate the inherent danger of misinterpreting a defendant's conduct with respect to this important right and also eliminate the burdensome task which would be required of this court of determining whether or not the facts of a particular case warrant the implication of waiver.

The importance of having jury trial waivers affirmatively expressed on the record becomes apparent when the trial court's role in approving such waivers is considered. The responsibility of a trial court in this area is two-fold. First, the court must ascertain whether or not the defendant's jury trial waiver is a voluntary, knowing, and intelligent decision "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). In *Adams, supra*, 317 U.S. at 278–80, 63 S.Ct. at 241–42, the Supreme Court held that an accused can effect a constitutionally valid waiver of a jury trial even if not represented by counsel. The Court explained the role of the trial court as follows:

> "The task of judging the competence of a particular accused cannot be escaped by announcing delusively simple rules of trial procedure which judges must mechanically follow. The question in each case is whether the accused was competent to exercise an intelligent, informed judgment—and for determination of this question it is of course relevant whether he had the advice of counsel....

> \*    \*    \*    \*    \*    \*

> "... And whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams, supra*, 317 U.S. at 277–78, 63 S.Ct. at 241.

It is also the trial court's responsibility to jealously preserve the right to trial by jury. As indicated in *Patton, supra*, 281 U.S. at 312–13, 50 S.Ct. at 263, a trial court should not automatically approve jury trial waivers:

> "In affirming the power of the defendant in any criminal case to waive a trial

by a constitutional jury ... we do not mean to hold that the waiver must be put into effect at all events.... Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. *And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."* [Emphasis added.]

Pursuant to Rule 23(a) N.D.R.Crim.P., the trial court in addition to its approval must also obtain an affirmative expression of consent from the prosecuting attorney, inasmuch as the State "has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result." *Singer v. United States, supra,* 380 U.S. at 36, 85 S.Ct. at 790.

■ We conclude that the trial court's failure to obtain an express jury trial waiver from Kranz constituted an error of constitutional dimension which may be reviewed on appeal even though not objected to at the time of trial. *See State . v. Schneider,* 270 N.W.2d 787, 792 (N.D. 1978); Rule 52, N.D.R.Crim.P. Upon review of the entire record and the probable effect of the error in light of all the evidence, we cannot declare a belief that the error was harmless beyond a reasonable doubt. In trial to the court there was presented conflicting testimony concerning whether or not Kranz threatened the alleged victim with imminent serious bodily injury. The credibility of witnesses and weight to be given their testimony is for the trier of fact, which in this instance should have been a jury. Therefore the judgment of the trial court cannot stand and must be reversed.

■ The question arose during oral argument whether or not the ordering of a new trial by this court would place Kranz twice in jeopardy in violation of State and Federal law. *See* Amendment V, U.S. Const.; Art. I, § 12, N.D. Const.; § 29–01–07, N.D.C.C. We have reviewed our decisions and decisions of the United States Supreme Court regarding the double jeopardy protection and conclude that the State is entitled to retry the case. *See, e.g., City of Minot v. Knudson,* 184 N.W.2d 58, 62 (N.D.1971) [A defendant waives double jeopardy protection after a verdict or judgment against him is set aside at his own instance, either by motion in a trial court or by a successful appeal.]; *Tibbs v. Florida,* 457 U.S. 31, 39–41, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652 (1982) [Double Jeopardy Clause imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside, with the exception that no retrial is permissible after a conviction has been reversed because of insufficiency of the evidence and that is not this case.].

The judgment is reversed and the case remanded for a new trial. In the interest of fairness to the trial court and Kranz, we direct that the presiding judge of the South Central Judicial District assign this case to another judge for all further proceedings. *See Gustafson, supra,* 278 N.W.2d at 364.

SAND, GIERKE, PEDERSON and VANDE WALLE, JJ., concur.