STATE of North Dakota, Plaintiff
and Appellee,

v.

Craig HAUGEN, Defendant
and Appellant.

Crim. No. 1122.

Supreme Court of North Dakota.

March 19, 1986.

Mark A. Flagstad, Asst. State's Atty.,
Minot, for plaintiff and appellee.

Thomas K. Schoppert, New Town, for
defendant and appellant.

VANDE WALLE, Justice.

Craig Haugen appealed from the judgment of conviction for driving while under the influence of alcohol. Haugen argues that he did not make a knowing and intelligent waiver of his right to trial by jury, that he was not informed of his right to compulsory process, and that he was denied his right to effective assistance of counsel. We reverse and remand for a new trial.

On July 16, 1984, Haugen appeared before the county court of Ward County for arraignment on the charge of driving while under the influence of alcohol, second offense. The prosecutor in his affidavit states that he gave an explanation of rights to "the group of persons assembled for court appearance before the entry of the judge into the courtroom." The record does not reveal the entire content of the advice given to the defendants, although the prosecutor has submitted an affidavit that quotes—from an unspecified source—a portion of the advice given to the group:

"If you enter a plea of guilty, you have a right to a trial by jury. The judge will ask you if you want a trial by jury. If you want one you must say so; otherwise, the trial will be to the judge only.

"If you have a trial, you have the right to subpoena witnesses. A subpoena is an order from the judge to anyone who you may want to have as a witness to be here to testify at your trial. A subpoena does not guarantee that the witness will say what you want him to, or anything at all, but does virtually guarantee that the witness will be present."

Upon the arrival of the judge, Haugen approached the bench and received an explanation from the judge of the maximum penalties for the charge. The following discussion then occurred:

"THE COURT: ...

"Were you here earlier when the rights were explained sir?

"MR. HAUGEN: Yeah.

"THE COURT: Do you understand your rights this morning?

"MR. HAUGEN: Yes."

After finding out that Haugen had talked with a lawyer on the phone, the court requested that Haugen enter a plea. Haugen entered a not-guilty plea. In response to a question posed by the court, Haugen stated that he was not yet sure who would be representing him.

"THE COURT: Okay. Do you wish to have a court trial or jury trial?

"MR. HAUGEN: Court trial.

"THE COURT: All right."

The court then set a trial date and informed Haugen that he, his attorney, and "any witnesses you should have" should appear on that date ready for trial, that he is presumed to be innocent until proven guilty beyond a reasonable doubt, and that he need not take the stand on his own behalf. The court requested Haugen to sign a promise to appear before he left the courtroom. At some point in the proceeding, apparently at the same time he signed the promise to appear, Haugen received and signed a document entitled "Statement of Rights." The document, omitting its title and the signatures of Haugen and the court clerks, contains the following language:

"In connection with your appearance in this court it is the duty of this court to advise you of your constitutional rights as follows:

"1. You shall be informed of the charge against you and any accompanying affidavit.

"2. You have the right to remain silent; that any statement made by you may be later used against you.

"3. You have the right to assistance of counsel before making any statement or answering any questions.

"4. You have the right to be represented by counsel at each and every state of the proceedings.

"5. That if the offense charged is one for which court appointed counsel is required, you have the right to have legal services provided at public expense to the extent that you are unable to pay for your own defense without undue hardship.

"6. You have the right to be admitted to bail pursuant to the provisions of Rule 46.

"7. You have the right to trial by jury in all cases as provided by law, and you have the right to appear and defend in person or by counsel.

"I acknowledge the receipt of my rights under the North Dakota Rules of Criminal Procedure. I hereby waive my right to counsel. I understand that my plea of guilty is a waiver of my right to trial in this case."

The record yields no information as to the circumstances surrounding the signing of this document; for example, there is no indication that Haugen was provided sufficient time to read the document or to ask for any explanation of its terms.

A court trial was held on August 30, 1984. Haugen was found guilty of driving while under the influence of alcohol, second offense, and received a fine and sentence. The trial court denied Haugen's timely motion for a new trial on July 2, 1985.

■ Article I, Section 13, of the North Dakota Constitution provides that "[t]he right of trial by jury shall be secured to all, and remain inviolate...." [1] This provision

---

1. See also Section 27–07.1–31, N.D.C.C., which states that "[e]xcept as otherwise provided by law, a defendant in a criminal action in a county court shall be entitled to a trial by jury, and when the defendant is arraigned he shall be informed by the court of this right. If the defendant waives the right to a jury trial, an entry to that effect shall be made on the court

reflects the recognized importance of trial by jury under our system of justice. Nonetheless, the right to trial by jury "is a right which may be waived by a defendant under certain conditions." *State v. Kranz*, 353 N.W.2d 748, 751 (N.D.1984). As Chief Justice Erickstad stated in *Kranz*, "The great importance and public interest in jury trials as the normal and preferred mode of fact-finding in criminal cases precludes a defendant from waiving the right to trial by jury without the express, intelligent consent of the defendant and consent of the prosecutor and judge." 353 N.W.2d at 751. [Emphasis and footnote omitted.] Where a defendant indicates a desire to waive his or her right to a jury trial, it is the responsibility of the trial court to "ascertain whether or not the defendant's jury trial waiver is a voluntary, knowing, and intelligent decision 'done with sufficient awareness of the relevant circumstances and likely consequences.'" *Kranz*, 353 N.W.2d at 752, quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970).

The mere selection by Haugen of a court trial over a jury trial provides no indication that Haugen understood the implications of his decision. Nor did the prosecutor's statement adequately inform Haugen of the differences between a court trial and a jury trial. Under these facts, Haugen's assertion that he believed that he would have to pay for the jury trial is not beyond reason. Moreover, the prosecutor's statement that if the defendants want a trial by jury they "must say so; otherwise, the trial will be to the judge only" is an incorrect statement of the law. Nor can the signed form act as a valid waiver: The words "I understand that my plea of guilty is a waiver of my right to trial in this case" are meaningless where the defendant pleads not guilty.

■ Another troubling aspect of the procedure employed below is the advisement of rights by the prosecutor instead of the court. Rule 5 of the Rules of Criminal Procedure states that the *magistrate* shall inform the defendant of his rights. The goals of expediency and efficient administration of justice are important and properly justify streamlining court procedures. But these goals cannot displace fundamental rights which are guaranteed by our Constitution, laws, and procedural rules.[2] Although written forms that explain an individual's rights may be used to expedite the process, Rule 5 requires that the magistrate act as the conduit to the distribution and explanation of the rights. Use of adversarial counsel for this purpose is inappropriate because our rules envision communication and explanation of these important rights by the magistrate, who functions as a neutral and detached person. The magistrate's personal attendance to this function also allows the judge to observe any signs of confusion and answer any questions posed by the defendants. The judge stands as a symbol of fairness and justice to those appearing before him; persons who are unlearned in the law may not perceive the prosecutor, even while performing a nonadversarial function, as an officer of the court obligated with the same concern for justice and enforcement of rights.

■ Under the circumstances of this case, where the prosecutor performs the judicial function of advising an uncounseled defendant out of the presence of the judge, where that advice includes incorrect statements of law, and where a defendant is provided with a written statement of rights which contains waivers that are entirely inappropriate to the situation, we cannot

minutes." Our rules provide that a waiver of a jury trial must be "in writing or in open court with the approval of the court and consent of the prosecuting attorney." Rule 23(a), N.D.R. Crim.P.

**2.** Some States have developed specific rules governing oral and written group advisories, and mandating individual questioning of each defendant following a group advisory. See, e.g., Rules 15.02 and 15.03, Minn.R.Cr.P.; see also *State v. Grunewald*, 378 N.W.2d 55 (Minn.App. 1985); *Illingworth v. Municipal Court, Etc.*, 102 Cal.App.3d 19, 164 Cal.Rptr. 53 (1980).

conclude that the waiver of defendant's right to a jury trial was a voluntary, knowing, and intelligent decision. We therefore reverse the judgment of conviction and remand the case for a new trial.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.