STATE of North Dakota, Plaintiff and Appellee,

v.

George W. BOHN, Defendant and Appellant.

Crim. No. 1237.

Supreme Court of North Dakota.

May 28, 1987.

Phyllis A. Ratcliffe, State's Atty., Carson, for plaintiff and appellee State of North Dakota.

Benjamin C. Pulkrabek, of Pulkrabek & Tuntland, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

George Bohn appealed from the judgment of conviction entered by the county court of Grant County for hunting on posted land in violation of Section 20.1–01–18, N.D.C.C. We reverse and remand for a new trial.

Bohn was charged with two counts of hunting on posted land, each of which is a Class B misdemeanor. At his arraignment Bohn was informed of the nature of the charges against him and the maximum penalty he could receive. The trial court also informed Bohn of his constitutional rights including his right to trial by jury. Bohn then pleaded not guilty to both charges. Trial was before the judge without a jury, and resulted in Bohn's being convicted of one count and the remaining count being dismissed. The court then sentenced Bohn to 30 days in jail with 28 days suspended, imposed a $500 fine, $250 of which was suspended, and suspended Bohn's hunting and fishing privileges for one year.[1] Bohn was not represented by counsel during the proceedings in the trial court.

On appeal Bohn claims that he was denied his right to a jury trial. However, the State asserts that we cannot reach that issue because Bohn did not file a timely notice of appeal. Pursuant to Rule 37, N.D.R.Crim.P., appeals shall be taken by filing a notice of appeal with the clerk of the trial court within ten days of the entry of judgment.

On November 20, 1986, after the trial court sentenced Bohn, the following exchange took place:

"THE COURT: How do you wish to pay the fine of $250.00?

"MR. BOHN: Well, I will pay that today. I also intend to appeal this decision and would ask to delay—

"THE COURT: That's discretionary with the Court. Your appeal as of this moment is filed. In a sense you have made a notice of intention to appeal....

"... You have on the record as of this moment officially indicated to the Court and I'm going to take your verbal notice of appeal as sufficient. There will be no technical problems with it."

Additionally, the trial court stated in the November 20, 1986, criminal judgment:

"This Judgment will suffice for the purposes of notice of appeal and the Clerk of the County Court, Grant County, Carson, ND shall proceed on the basis that the defendant has as of the date of this Criminal Judgment filed a proper

1. One of Bohn's claims on appeal—predicated on Rule 11(b)(2), N.D.R.Crim.P.—is that his constitutional rights were violated because the judge failed to inform him that if he was convicted, his hunting and fishing privileges would be suspended pursuant to Section 20.1–01–26, N.D.C.C. Because we hold that Bohn was denied his right to a jury trial, and thus is entitled to a new trial, we do not address Bohn's claim on appeal regarding his hunting and fishing privileges.

Notice of Appeal pursuant to Rule 37, Rules of Criminal Procedure."

Bohn filed a notice of appeal with the clerk of court on December 15, 1986, and his attorney filed an additional notice of appeal on December 17.

The State asserts that Bohn's oral statement to the trial court was merely a statement of his intention to file an appeal in the future. Additionally, the State asserts that the trial court's acceptance of Bohn's oral notice of appeal was ineffective because it had no authority to authorize a method of appealing which conflicted with the rules or statutes. In essence, the State claims that Bohn failed to file a *written* notice of appeal with the *clerk of court* and therefore his actions were meaningless.

In *State v. Lewis*, 300 N.W.2d 206 (N.D. 1980), the defendant was convicted on January 11. On January 18, Lewis mailed a notice of appeal to the trial judge at his chambers, and to the State's Attorney. On February 19, the trial judge wrote a letter to Lewis, informing him that notices of appeal had to be filed with the clerk of court. Lewis did not file a notice of appeal as suggested by the trial judge. Upon learning that Lewis had not filed the notice with the clerk of court, the trial judge filed Lewis's notice of appeal on April 10.

In *Lewis, supra,* at 208, we noted that: "In this instance the notice of appeal filed with Judge Hatch was timely, and it met all other requirements for a notice of appeal. A copy was simultaneously served on the State's Attorney, so the State cannot complain it lacked knowledge of Lewis's intent to appeal.

. . . . .

"... Here, Lewis did communicate to the District Court his intent to appeal although that communication was sent to the District Judge rather than the Clerk of Court."

Because of the peculiar facts in *Lewis* we held that his notice of appeal was sufficient to give this court jurisdiction over the appeal.

In this case, Bohn notified the trial judge in open court that he intended to appeal. By doing so he informed both the judge and the State's Attorney of his intent to appeal. Thus, as in *Lewis*, the State cannot now be heard to complain that it did not know that Bohn intended to appeal. Also as in *Lewis*, Bohn gave his notice of appeal to the judge rather than the clerk of court. Thus he did communicate to the court his intent to appeal.

Additionally, as we have noted, the trial judge informed Bohn that his notice of appeal would be effective. The State's Attorney did not attempt to correct or clarify the judge's statement, and Bohn apparently relied on the judge's statement and the State's Attorney's acquiescence. The judge stated that there would not be any technical problems with Bohn's notice of appeal. Furthermore, the judgment of conviction provided that it would suffice for the purposes of Bohn's notice of appeal. This document was filed with the clerk of court and thus serves to bolster the argument that Bohn's oral notice of appeal, set forth in the criminal judgment, was properly and timely filed.

Further support for Bohn's contention that his notice of appeal was timely is found in Rule 32(a)(2), which provides in part: "After imposing sentence in a case that has gone to trial on a plea of not guilty, the court *shall advise* the defendant of his right to appeal and of the right of the person who is unable to pay the costs of an appeal to apply for appointment of counsel for purposes of appeal." [Emphasis added.] The explanatory note to Rule 37, N.D.R.Crim.P., states: "The provision in Rule 32 which requires that the defendant be advised of his right to appeal and the right of a person who is unable to pay the cost of appeal to have it provided at public expense is clearly a necessary part of a valid sentence and until it is given, the 10–day period for taking an appeal cannot begin to run because there is no valid sentence in existence." Bohn may have been aware of his right to appeal, but that does not fulfill the requirement of Rule 32 that the judge *shall inform him of his rights.* Examination of the trial transcript reveals that the judge never informed Bohn of his

right to appeal or his right to court-appointed counsel on appeal.

Lastly, the judge could have extended the time for appeal pursuant to Rule 4(b), N.D.R.App.P. Under that rule, the trial judge is permitted, upon a showing of excusable neglect, before or after the time has expired, to extend the time for filing a notice of appeal up to an additional 30 days. Judgment was entered on November 20, and Bohn's attorney filed a proper notice of appeal on December 17. Thus a notice of appeal was filed with the clerk of court within the 40-day maximum allowed under the rule.[2] In view of the trial judge's statements at sentencing and the statements in the judgment of conviction it appears certain the trial judge would extend time for filing because of excusable neglect. See *City of Bismarck v. Altevogt*, 353 N.W.2d 760 (N.D.1984).

Although, as in *Lewis*, we do not adopt a "substantial compliance" standard in regard to the filing of a notice of appeal, the circumstances of this case are even more peculiar and compelling than in *Lewis*. Thus we conclude that Bohn's notice of appeal is sufficient.

 Moving to the merits of the appeal, Bohn claims that he was denied his right to a jury trial because he did not affirmatively waive his right to trial by jury. Article I, Section 13, of the North Dakota Constitution provides, in part: "The right of trial by jury shall be secured to all, and remains inviolate." Although the right to trial by jury is a sacred and important right in our system of justice, it can be waived by a criminal defendant under certain conditions. *State v. Haugen*, 384 N.W.2d 651 (N.D.1986); *State v. Kranz*, 353 N.W.2d 748 (N.D.1984).

Section 27-07.1-31, N.D.C.C., states:

"Except as otherwise provided by law, a defendant in a criminal action in a county court shall be entitled to a trial by jury, and when the defendant is arraigned he shall be informed by the court of this right. If the defendant waives the right to a jury trial, an entry to that effect shall be made on the court minutes."

Rule 23(a), N.D.R.Crim.P., provides that a waiver of the right to a trial by jury must be "in writing or in open court with the approval of the court and consent of the prosecuting attorney."

Although the trial judge informed Bohn of his right to a jury trial, it is abundantly clear that Bohn did not waive that right as required by our rule. Rule 23(a) provides that the waiver must be *in writing or in open court.*[3] The State maintains that Bohn was given a document informing him of his right to a jury trial, and through which Bohn waived that right, but this document is not part of the record and, we are informed, cannot be found. We refuse to speculate what the document might have revealed when reviewing a claimed waiver of the right to a trial by jury. A waiver of the right to a jury trial cannot be presumed from inferences drawn from the record. See *State v. Orr*, 375 N.W.2d 171 (N.D. 1985).

Additionally, the transcript does not contain an affirmative waiver by Bohn of his right to a jury trial. In *State v. Kranz*, 353 N.W.2d 748, 751 (N.D.1984), we stated:

"The great importance and public interest in jury trials as the normal and preferred mode of fact-finding in criminal cases precludes a defendant from waiving the right to trial by jury without the *express*, intelligent consent of the defendant ..." [Emphasis in original.]

Upon examination of the record, we cannot find an express waiver by Bohn of his

**2.** This is unlike the situation in *Lewis* in which the judgment was entered on January 11 and the notice of appeal was filed with the clerk of court on April 10, thus well exceeding 40 days.

**3.** Rule 23(a) requires the waiver to be "in writing or in open court," while Section 27-07.1-31, N.D.C.C., requires an entry of the waiver to be on the court minutes. In this case, a court

order signed by the judge states that Bohn had advised the court that he did not desire a jury trial. Because the waiver of the right to a jury trial must be clear and certain, we believe that for a waiver to be effective it must be apparent from the transcript that the defendant waived his right personally or through his attorney in open court or in writing.

right to a trial by jury. Thus we reverse the judgment of conviction and remand for a new trial.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.