**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kelly Jon HEGG, Defendant and Appellant.**

**Cr. No. 1231.**

Supreme Court of North Dakota.

July 28, 1987.

---

Debbie Gordon Kleven, Asst. States Atty., Grand Forks, for plaintiff and appellee.

O'Grady, Morley & Morley, Grand Forks, for defendant and appellant; argued by Gary E. Euren.

MESCHKE, Justice.

Kelly Hegg was convicted of robbery, a felony, upon the verdict of a jury of six. Hegg appeals. We reverse and remand for a new trial because Hegg was denied trial by a jury of twelve.

At a bench conference before trial, the court informed the attorneys that Hegg had not made a written demand for a jury of twelve, as required by Section 29–17–12, N.D.C.C., and that the court intended to proceed with a six-person jury. Trial took place without Hegg objecting to the smaller jury. Following Hegg's conviction, he moved for a new trial, claiming that he was denied his right to a jury of twelve under the state constitution. The motion was denied.

Hegg asserts that Section 29–17–12, N.D.C.C., by providing for a six-person jury in a felony trial unless the defendant makes a written demand for a jury of twelve, conflicts with Art. I, § 13, N.D. Const., providing for a jury of twelve in a felony trial. We agree.

Art. I, § 13, N.D. Const., provides:

"The right of trial by jury shall be secured to all, and remain inviolate. *A person accused of a crime for which he may be confined for a period of more than one year has the right of trial by a jury of twelve. The legislative assembly may determine the size of the jury for all other cases,* provided that the jury consists of at least six members. All verdicts must be unanimous." (Emphasis added.)

In part, Section 29–17–12, N.D.C.C., states:

"In all felony and class A misdemeanor cases when a jury is impaneled, a jury shall consist of six qualified jurors unless the defendant makes a timely written demand for a jury of twelve."

Art. I, § 13, N.D. Const., unconditionally calls for a jury of twelve members in a felony trial. Moreover, it expressly restricts the legislature's power over jury size to "all other cases." Nevertheless, the State asserts that under Section 29–17–12,

N.D.C.C., "the right to the twelve person jury remains unabridged" because it can be demanded. We disagree.

In considering Section 29–17–12, N.D.C.C., we are mindful that a statute is presumed constitutional unless it is clearly shown that it contravenes the state or federal constitution. *Richter v. Jones*, 378 N.W.2d 209 (N.D.1985). The courts will seek to harmonize a statute with the constitution, if possible. *Paluck v. Bd. of County Comm'rs, Stark County*, 307 N.W.2d 852 (N.D.1981). On the other hand, this court, speaking though Chief Justice Erickstad, has stressed the fundamental nature of the constitutional right to trial by jury:

> "The right to be tried by one's peers is fundamental to the American system of criminal justice; 'an inestimable safeguard against the corrupt or overzealous prosecutor and against the compl[ia]nt, biased, or eccentric judge.'" [quoting from *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 1451 (20 L.Ed.2d 491 (1968))] *State v. Kranz*, 353 N.W.2d 748, 751 (N.D.1984).

Chief Justice Erickstad's opinion for this court also emphasized that our state constitutional guarantee of the right of trial by jury reflects "[t]he great importance and public interest in jury trials as the normal and preferred mode of fact-finding in criminal cases...." *Id.* at 751.

The essential and "inviolate" nature of this constitutional right leads us to conclude that Section 29–17–12, N.D.C.C., is contrary to our constitution. By requiring a felony defendant to either affirmatively demand a jury of twelve or accept a legislatively designated alternative, the statute impinges upon that defendant's unconditional right to have a jury of twelve. Legislative interference with the size of the jury for a felony trial is not authorized in Art. I, § 13, N.D. Const. Accordingly, we hold unconstitutional that part of Section 29–17–12, N.D.C.C., which dictates a six-person jury in a felony case absent a special written demand by the defendant.

The State asserts that, even if Section 29–17–12, N.D.C.C., cannot constitutionally command a written demand for a jury of twelve in a felony prosecution, Hegg should not get a new trial because he waived his right to twelve when, without objection, he proceeded with a jury of six.

N.D.R.Crim.P., Rule 23(a) provides that a defendant may waive a jury trial "in writing or in open court with the approval of the court and consent of the prosecuting attorney." Construing that language in *State v. Bohn*, 406 N.W.2d 677 (N.D.1987), we held that a waiver cannot be inferred from the record but can occur only through an express and affirmative act by the defendant.

N.D.R.Crim.P., Rule 23(c) similarly provides that a defendant may stipulate with the prosecution "in writing or in open court" for a diminished jury:

> *"(c) Jury of Fewer Than Twelve by Stipulation.* At any time before verdict the parties may stipulate in writing or in open court, with the approval of the court, that the jury shall consist of fewer than twelve." [1]

The trial court, in a signed statement filed with this court under N.D.R.App.P., Rule 10(f), stated:

> "The Court informed Counsel that a jury of six persons would be impaneled to try the case. While the court cannot recall whether or not defendant's attorney specifically waived demand for a trial by 12 persons such waiver was implied by acquiescence to proceeding with a trial by six persons."

However, a waiver of the right to a jury trial must be clear and certain; it cannot be implied. *State v. Bohn, supra.* Waiver cannot be inferred from a silent record. *State v. Kranz, supra.* It must be expressed "in writing or in open court." Accordingly, the trial court should have ascer-

---

1. The Joint Procedure Committee's Explanatory Note to N.D.R.Crim.P., Rule 23(c), as revised effective March 1, 1986, states:

"The Committee believes that any provision permitting a trial by a jury of less than twelve without a stipulation of the parties would conflict with [Art. I, § 13, N.D. Const.]"

tained whether Hegg was affirmatively waiving a jury of twelve and whether that waiver was voluntarily, knowingly, and intelligently made with an awareness of the circumstances and the consequences. *See State v. Haugen*, 384 N.W.2d 651 (N.D. 1986). Silently proceeding with trial before a six-person jury is not an express and affirmative waiver of one's constitutional right to a jury of twelve.

On this record we cannot conclude that Hegg affirmatively waived his right to a jury of twelve in the manner required by N.D.R.Crim.P., Rule 23.

Hegg's conviction is reversed, and the case is remanded for a new trial.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and LEVINE, JJ. concur.