**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Holly J. GATES, Defendant and Appellant.**

**Crim. No. 920131.**

Supreme Court of North Dakota.

Feb. 23, 1993.

Robert W. Harms of Harms Law Offices, Ltd., Williston, for defendant and appellant.

Peter H. Furuseth, State's Atty., Williston, for plaintiff and appellee.

LEVINE, Justice.

Holly Gates appeals from an order denying her motion for a new trial. We reverse and remand for a new trial.

In June 1990, Gates was charged with theft of services, a class B misdemeanor, and false statements, a class A misdemeanor. Counsel was appointed to represent her soon thereafter. On July 11, Gates filed a written demand for a trial by jury. However, over a year later, in a letter

dated July 25, 1991, counsel informed Gates that she had scheduled the matter as a bench trial.

Gates subsequently discussed the change with counsel in an August 1991 telephone conference. Although the extent to which the change was discussed is unclear, it is undisputed that Gates questioned the change but did not object to it. A September 1991 bench trial followed. Gates did not object to the bench trial but she filed no written waiver nor did she waive her right to jury trial in open court. After trial, the county court found Gates guilty of theft of services and, on motion of the State, dismissed the false statements charge.

Gates, acting pro se, filed a "notice of appeal" with the county court, complaining she was denied the right to a jury trial inasmuch as she did not waive her right under Rule 23(a), NDRCrimP. Gates, therefore, requested that she be appointed new counsel so that she could properly reassert her claim to a jury trial. A hearing followed, resulting in the court's appointment of new counsel.

Assisted by new counsel, Gates filed a motion for a new trial on the ground that she did not affirmatively waive her right to a jury trial in writing or in open court as required by Rule 23(a), NDRCrimP, and was thus deprived of her right to a jury trial. After a hearing before a new judge, the court denied Gates' motion, holding that "even though it may have been error for the county judge to not have obtained a written waiver or verbal waiver on the record, the implications are nonetheless clear that . . . the defendant was not denied her right to trial by jury." Gates appealed.

Gates' position has not changed on appeal. She acknowledges that she discussed with her trial counsel the change from a jury trial to a bench trial long before her trial date, that she knew the difference between a jury trial and a bench trial, and that she never told her trial counsel or the

court that she objected to the change. She asserts, however, that she never waived her right to a jury trial in writing or in open court, and, therefore, was wrongfully deprived of that right.

■ The State contends that Gates' actions, from her initial appearance through her bench trial, indicate that she waived her right to a jury trial. Emphasizing facts and circumstances which allegedly support its position, the State, in essence, urges us to imply, as did the trial court which presided over the hearing on Gates' motion for a new trial, that Gates waived her right to a jury trial under Rule 23(a), NDRCrimP. We need not discuss those facts and circumstances because the State's underlying premise—that a litigant's waiver of the right to trial by jury may be inferred from the circumstances of a particular case—is itself misplaced.

■ Under Rule 23(a), NDRCrimP, a waiver of the right to jury trial is effective only if expressed by the defendant "in writing or in open court." In order to eliminate the risk of misinterpreting a defendant's conduct with respect to whether or not that defendant waived the "inviolate," fundamental right to trial by jury, and also "eliminate the burdensome task which would be required of this court of determining whether or not the facts of a particular case warrant the implication of waiver," we have insisted upon strict compliance with Rule 23(a). *State v. Kranz*, 353 N.W.2d 748, 752 (N.D.1984). Indeed, we have consistently maintained that waiver of the right to a jury trial must be clear and certain and cannot, therefore, be presumed or inferred from a record void of "an express statement [by] the defendant specifically indicating" that the right has been waived. *Id.; see also State v. Hegg*, 410 N.W.2d 152 (N.D.1987); *State v. Bohn*, 406 N.W.2d 677 (N.D.1987).[1]

■ Applying these principles to the State's argument that Gates impliedly waived her right to a jury trial, we are bound by the salient fact that Gates did not expressly waive her right to trial by jury in

1. The defendant's express waiver must, of course, be "voluntarily, knowingly and intelligently made with an awareness of the circumstances and the consequences." *State v. Hegg*, 410 N.W.2d 152, 155 (N.D.1987). Moreover, that waiver must be approved by the court and consented to by the prosecution. NDRCrimP 23(a); *see also City of Fargo v. Dawson*, 466 N.W.2d 584 (N.D.1991).

writing or orally in open court. Nor, on this record, did counsel expressly waive the right for Gates.[2] The letter from counsel, explaining to Gates that the matter was scheduled as a bench trial, is not the affirmative waiver contemplated by Rule 23(a), NDRCrimP. The record reveals no written waiver, signed on behalf of Gates by counsel, nor a verbal waiver on Gates' behalf in open court. *See Bohn, supra* at 680 n. 3. We will not infer from a silent record an attorney's alleged waiver of a client's right to a jury trial. Accordingly, we agree with Gates that she was deprived of her right to a jury trial.

▪ The trial court's conclusion that Gates impliedly waived her right to a jury trial is based on its misinterpretation of *Kranz* to permit a case-specific, fact-intensive review of "the issue of whether or not a defendant has ... waived his right to a trial by jury [when] the defendant has not specifically so stated on the record." To the contrary, the requirement of an express waiver precludes the exercise of such review, in addition to eliminating the need for it.[3] So, while it is true that the decision to grant or deny a motion for a new trial is left to the sound discretion of the trial court, *e.g., State v. Skaro,* 474 N.W.2d 711 (N.D.1991), it is also axiomatic that a court abuses its discretion when, as here, it misinterprets the law. *E.g., Van Klootwyk v. Arman,* 477 N.W.2d 590 (N.D.1991).

The trial court, having received no written waiver, should have ascertained in open court whether Gates affirmatively waived her right to a jury trial. Proceeding with a bench trial in the absence of either a written waiver or one expressed in open court constitutes a violation of the defendant's right to a jury trial. *See Hegg, supra.* Accordingly, we reverse the denial of Gates' motion for a new trial and remand for a new trial.

VANDE WALLE, C.J., and MESCHKE, J., and RALPH J. ERICKSTAD, Surrogate Justice, concur.

Surrogate Judge RALPH J. ERICKSTAD was Chief Justice at the time this case was heard and serves as surrogate judge for this case pursuant to Section 27–17–03, NDCC.

JOHNSON, J., who was a member of this Court when this case was heard, did not participate in this decision.

NEUMANN and SANDSTROM, JJ., not being members of the Court when this case was heard, did not participate in this decision.

---

2. Gates makes no argument that only the defendant, and not the defendant's attorney, can waive the right to a jury trial. *Compare State v. Bohn,* 406 N.W.2d 677, 680 n. 3 (N.D.1987); NDRCrimP 11(g); *with, e.g., Wells v. Petsock,* 941 F.2d 253 (3rd Cir.1991), *cert. denied sub nom., Wells v. Vaughn,* — U.S. —, 112 S.Ct. 3038, 120 L.Ed.2d 906 (1992) [defendant must personally waive inherently personal rights of fundamental importance; inherent rights include "right to go to trial or plead guilty" and "right to be tried by judge or jury."]; *United States v. Joshi,* 896 F.2d 1303 (11th Cir.1990), *cert. denied sub nom., Panchal v. United States,* 498 U.S. 986, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990) [rights "which are fundamental and in-

herently personal to a criminal defendant" waivable only by defendant, not attorney and include right to go to trial and right to jury trial]; *see also Calnan v. State,* 310 Ark. 744, 841 S.W.2d 593 (1992) (Brown, J., dissenting).

3. On the other hand, the threshold determination of whether "the defendant's jury trial waiver is a voluntary, knowing, and intelligent decision ... 'depend[s] upon the unique circumstances of each case.'" *State v. Kranz,* 353 N.W.2d 748, 752 (N.D.1984) [quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 277–78, 63 S.Ct. 236, 240–41, 87 L.Ed. 268 (1942)].