**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Stacy Lee BAKKE, Defendant and Appellant.**

**Cr. No. 920152CA.**

Court of Appeals of North Dakota.

March 25, 1993.

J.E. Rick Brown (argued), Asst. State's Atty., Grand Forks, for plaintiff and appellee.

Faron E. Terry (argued), and Thomas V. Omdahl (no appearance), of Omdahl & Terry, Grand Forks, for defendant and appellant.

RALPH J. ERICKSTAD, Chief Surrogate Judge.

Stacy Lee Bakke appeals from a judgment of conviction for terrorizing. We reverse and remand for a trial by jury.

Bakke was arrested on July 6, 1991, for possession of marijuana and reckless driving. While being transported to the county jail, Bakke made threatening remarks to a deputy sheriff and a sheriff's intern. These remarks were tape recorded with Bakke's knowledge.

Bakke was charged with terrorizing, a class C felony, pursuant to Section 12.1–17–04, N.D.C.C. At his arraignment on January 6, 1992, Bakke pleaded not guilty and requested a jury trial. By letter dated February 14, 1992, Bakke's counsel[1] waived Bakke's right to a jury trial and requested that the case be scheduled for a bench trial. Bakke did not sign the letter,

1. Bakke is represented by different counsel on appeal. The letter contained these words: "On behalf of my client, Stacy L. Bakke, I hereby request that the court cancel the re-

quest for jury trial and instead schedule the case for trial before the court."

nor is there any indication that a copy was sent to him.

The case was tried to the court on March 12, 1992. The record does not disclose that the trial court asked Bakke personally whether he wished to waive his right to a jury trial. The court found Bakke guilty of terrorizing and sentenced him to serve three years at the state penitentiary.

The dispositive issue on appeal is whether an attorney can waive his client's right to a jury trial in a felony case.

Article I, Section 13 of the North Dakota Constitution provides that "[t]he right of trial by jury shall be secured to all, and remain inviolate." The constitutional right to trial by jury may be waived by the defendant under certain conditions. *State v. Haugen*, 384 N.W.2d 651, 653 (N.D. 1986); *State v. Kranz*, 353 N.W.2d 748, 751 (N.D.1984). In neither of those cases did we find a waiver. In *Kranz* the defendant was asked only if he intended to proceed without counsel. He was not asked whether or not he desired a jury trial. In concluding that Kranz was denied his right to a jury trial we said:

"In our view the waiver of such an 'inviolate' right, 'essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants,' *Duncan* [*v. Louisiana*, 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968) ], must be a matter of certainty and not implication. Accordingly, we find that the record does not reveal that Kranz expressly and intelligently consented to the waiver of his right to a trial by jury." *Kranz, supra,* 353 N.W.2d at 752.

Waiver must be in accordance with Rule 23(a), N.D.R.Crim.P.:

"*(a) Trial by Jury.* Trial shall be by jury in all cases as provided by law unless the defendant waives a jury trial in writing or in open court with the approval of the court and consent of the prosecuting attorney."

In addition, Section 29–16–02, N.D.C.C., provides:

"*Issues of fact tried by jury—When trial by jury may be waived.* In any case, whether a misdemeanor or felony, a trial jury may be waived by the consent of the defendant and the state's attorney expressed in open court and entered on the minutes of the court. Otherwise, the issues of fact must be tried by the jury."

A growing majority of courts, many interpreting their jurisdictions' counterparts to Rule 23(a), have held that trial by jury is a right personal to the defendant and cannot be waived by counsel on behalf of the defendant. *See, e.g., United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992); *Wells v. Petsock,* 941 F.2d 253, 256 (3rd Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3038, 120 L.Ed.2d 906 (1992); *United States v. Joshi,* 896 F.2d 1303, 1307 (11th Cir.), *cert. denied,* 498 U.S. 986, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990); *Calnan v. State,* 310 Ark. 744, 841 S.W.2d 593, 595 (1992); *People v. Guzman,* 45 Cal.3d 915, 755 P.2d 917, 928, 248 Cal.Rptr. 467 (1988), *cert. denied,* 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1005 (1989); *People v. Harris,* 9 Cal.App.4th 1735, 12 Cal.Rptr.2d 505, 506 (1992), *review granted,* —— Cal.3d ——, 843 P.2d 1207, 15 Cal.Rptr.2d 892 (1993); *Rice v. People,* 193 Colo. 270, 565 P.2d 940, 941 (1977) (en banc); *People v. Evans,* 44 Colo. App. 288, 612 P.2d 1153, 1155 (1980); *Powers v. State,* 370 So.2d 854, 855 (Fla.Ct. App.), *cert. denied,* 379 So.2d 209 (Fla. 1979), *overruled on other grounds by Whirley v. State,* 450 So.2d 836 (Fla.1984); *State v. Wheeler,* 114 Idaho 97, 753 P.2d 833, 838–839 (Ct.App.1988); *People v. Wilkins,* 184 Mich.App. 443, 459 N.W.2d 57, 61 (1990), *appeal denied,* 439 Mich. 866, 478 N.W.2d 90 (1991); *State v. Sandmoen,* 390 N.W.2d 419, 423 (Minn.Ct.App.1986); *State v. Arthur,* 296 S.C. 495, 374 S.E.2d 291, 293–294 (1988), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991); *State v. Livingston,* 159 Wis.2d 561, 464 N.W.2d 839, 843 (1991).

The American Bar Association Standards for Criminal Justice adopt a similar approach:

"(b) The court should not accept a waiver unless the defendant, after being advised by the court of his or her right to trial by jury, personally waives the right to trial by jury, either in writing or in

open court for the record." ABA Standards for Criminal Justice, Trial by Jury, Standard 15–1.2(b) (1986).

The Commentary to Standard 15–1.2(b) provides sound rationale for requiring a personal waiver by the defendant:

"The requirement in the standard that a defendant personally waive jury trial likewise parallels the requirement in guilty plea cases. It is important that nothing be left to implication on such an important matter as jury trial. When waiver is entered by counsel and a defendant stands by without expressly acquiescing, a difficult fact question may be presented for an appellate court. Whether to be tried by a jury is an important matter to be decided by a defendant; it is not merely a tactical decision that may be left to defense counsel." [Footnotes omitted].

The State asserts, however, that we are bound by the North Dakota Supreme Court's decision in *State v. Bohn*, 406 N.W.2d 677 (N.D.1987). In *Bohn*, the Court reversed a pro se defendant's conviction because the record did not disclose an express waiver of the right to a trial by jury. The Court noted:

"Because the waiver of the right to a jury trial must be clear and certain, we believe that for a waiver to be effective it must be apparent from the transcript that the defendant waived his right personally or through his attorney in open court or in writing." *Bohn, supra,* 406 N.W.2d at 680 n. 3.[2]

*Bohn* is clearly distinguishable from this case. Bohn was not represented by counsel, and no issue of the validity of a waiver by counsel was raised. In addition, *Bohn* involved a misdemeanor prosecution. Some courts have drawn a distinction between misdemeanor and felony cases, holding that an attorney may waive his client's right to a jury trial in a misdemeanor case, but not in a felony case. *See State v. Wheeler, supra,* 753 P.2d at 838–839; *State v. Allen,* 377 A.2d 472, 475–476 (Me. 1977); *see also Calnan v. State, supra,*

841 S.W.2d at 598–600 (Brown, J., dissenting).

The North Dakota Supreme Court has recognized this felony/misdemeanor dichotomy through its adoption of Rule 11(g), N.D.R.Crim.P.:

"(g) *Plea Put in by Defendant Unless Corporation.* A plea of guilty may be put in only by the defendant, in open court, unless the defendant is a corporation or the offense charged is not a felony, in which case it may be put in by counsel."

Because a plea of guilty constitutes a waiver of the defendant's right to trial by jury, *State v. Orr,* 375 N.W.2d 171, 174 (N.D. 1985), the provisions of Rule 11(g) implicitly authorize counsel to waive a misdemeanor defendant's right to trial by jury. No similar provision allows waiver by counsel for a felony defendant.

We particularly note the language of the United States Supreme Court in *Patton v. United States,* 281 U.S. 276, 312–313, 50 S.Ct. 253, 263, 74 L.Ed. 854, 870 (1930), quoted by the North Dakota Supreme Court in *State v. Kranz, supra,* 353 N.W.2d at 753:

" 'Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with

---

**2.** The North Dakota Supreme Court has recently recognized the conflict between its footnote in *Bohn* and the rule in other jurisdictions. *See*

*State v. Gates,* 496 N.W.2d 553, 555 n. 2 (N.D. 1993). The Court found it unnecessary in *Gates* to reach the issue.

an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and *with a caution increasing in degree as the offenses dealt with increase in gravity.'"* [Emphasis added].

In order to jealously preserve the defendant's fundamental right to trial by jury, "with a caution increasing in degree as the offenses dealt with increase in gravity," we hold that an attorney may not waive his client's constitutional right to a jury trial in a felony case. In such cases, an express waiver must be made personally by the defendant in writing or in open court.

On the record before us,[3] we find no express personal waiver by the defendant of his right to trial by jury. We reverse the judgment of conviction and remand for a jury trial.[4]

VERNON R. PEDERSON, Surrogate Judge, and DONALD L. JORGENSEN, District Judge, concur.

**3.** The record does not include any evidence of discussions between Bakke and trial counsel regarding the waiver of jury trial. We do not imply that trial counsel failed to fully explain and protect his client's rights. On the record presented on appeal, however, there is no basis to discern whether or not Bakke acquiesced in the waiver or whether or not any such waiver was knowing and voluntary.

**4.** We hereby certify, pursuant to Administrative Rule 27, § 13(c)(5), that in the public interest this is an appropriate case for Supreme Court review.