Lonnie KELLER, Plaintiff and Appellee,

v.

Robert DARLING and Gordon Love, Defendants and Appellants.

Danny BUFALINI, Plaintiff and Appellee,

v.

Robert DARLING and Gordon Love, Defendants and Appellants.

Civ. Nos. 9273–A, 9280–A.

Supreme Court of North Dakota.

Nov. 3, 1980.

Rehearing Denied Nov. 21, 1980.

Letnes, Marshall, Fiedler & Clapp, Grand Forks, for plaintiffs and appellees; argued by Jay H. Fiedler, Grand Forks.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for defendants and appellants; argued by Richard A. Ohlsen, Bismarck.

ERICKSTAD, Chief Justice.

Defendants and Appellants, Robert Darling and Gordon Love appeal from judgments entered against them in Grand Forks County District Court, by the court sitting without a jury. Darling and Love assert that their demands for a jury trial were not honored. We affirm the trial court's judgment.

The underlying tort actions arose from an automobile truck accident on September 19, 1974. Bufalini was the driver of an eastbound automobile which struck a westbound beet truck, driven by Darling, when Darling made a left–hand turn in front of Bufalini. Bufalini and Keller, a passenger in the Bufalini automobile, were injured. Darling was employed by Love, the owner of the truck, and was in the scope of his employment at the time of the accident.

Keller and Bufalini initiated separate actions which were consolidated for trial. Various motions, stipulations and orders were entered in these actions over the past five years, including third–party complaints by Darling and Love against Edward Schue, doing business as Schue Insurance Agency. The main actions were finally tried before the court sitting without a jury. Judgments were entered for both Keller and Bufalini against Darling and

Love. The single issue raised by Darling and Love is that they are entitled to a jury trial.

Appellees, Lonnie Keller and Danny Bufalini, contend that the demand for a jury was not timely. A demand for jury trial was originally made in the third–party complaint which was not served upon Keller, Bufalini, or their attorney. This demand stated: "Third party plaintiffs herein demand trial by jury." We need not reach the issue of timeliness since regardless of whether or not the demand was proper, it was subsequently waived by stipulation of the parties.[1] These cases were originally placed by the clerk of court on the jury calendar. Subsequently, Darling and Love, through their attorney, stipulated that the third–party complaints against the insurance company be tried before the court without a jury. (See footnote 1 above). The third party actions were consolidated for trial to be heard prior to the main actions pursuant to another stipulation entered into by Darling and Love through their attorney.[2] The trial court's order based upon the stipulation for substitution clearly shows that the third–party complaint was set to be heard before the court without a jury.[3] Thereafter, the original actions were rescheduled to be heard by the court without a jury. Notice of that rescheduling was served upon counsel for Darling and Love.

Darling and Love allege that the jury demand in the third–party complaint was sufficient as a demand for trial by jury in the main actions. Whether or not this is so is immaterial as by their conduct they waived any right they may have had to a jury trial in the main actions. When counsel for Darling and Love received notice of the rescheduling, he sent notice to Keller and Bufalini's attorney that he would make several motions before the court including a motion for trial by jury in the main actions. A hearing was held on these motions October 29, 1979. Counsel for Darling and Love failed to appear. The motions, including the motion for trial by jury, were denied by the court.

When the main actions were tried on January 8 and 9, 1980, counsel for Darling and Love made no objection to the proceedings nor did he reassert his clients right to a trial. On appeal, counsel asserts, however, that he did, in effect, object. A review of the record reveals that counsel said, "I would also point out that in the note of issue that was filed by Mr. Marshall in this case there was a jury demanded and that has not been honored in both cases." While this statement points out that the note of

1. "It is hereby stipulated and agreed by and between the parties above, by and through their respective attorneys, that the above–captioned matter now on appeal to the North Dakota Supreme Court may be in all things dismissed without prejudice. It is further agreed that the matter of Robert Darling and Gordon Love vs. Edward B. Schue d/b/a Schue Insurance Company may be tried to the Honorable A.C. Bakken, Judge of the District Court, First Judicial District, without a jury. It is further agreed that said case will be tried and separated from the main action of Danny G. Bufalini, Plaintiff, vs. Robert Darling and Gordon Love, Defendants.

"Dated this 13th day of January, 1977."

2. "IT IS HEREBY STIPULATED, by and between the parties hereto, through their respective counsel, that the case entitled Robert Darling and Gordon Love, Plaintiffs, vs. Edward B. Schue, d/b/a Schue Insurance Agency, Defendant, Civil No. 31419, may be substituted on the Court's calendar for trial commencing May 30, 1979, at 10:00 o'clock a. m., before the Honora-

ble A. C. Bakken, in place of the civil actions entitled Lonnie Keller vs. Robert Darling and Gordon Love, Civil No. 19–28234, and Danny Bufalini vs. Robert Darling and Gordon Love, Civil No. 20–28235."

3. "Upon the stipulation of counsel and upon the motion of Patrick R. Morley,

"IT IS HEREBY ORDERED that the case entitled Robert Darling and Gordon Love vs. Edward B. Schue, d/b/a Schue Insurance Agency, Civil No. 31419, be called for trial before the Court commencing May 30, 1979, at 10:00 o'clock a.m., in place of the actions entitled Lonnie Keller vs. Robert Darling and Gordon Love and Danny G. Bufalini vs. Robert Darling and Gordon Love, Civil Nos. 28234 and 28235, respectively, and that the cases numbered 28234 and 28235 be placed on the Court calendar for trial in the former position of case number 31419 and be called for trial accordingly.

"Dated this 9th day of May, 1979."

issue did contain notice that a jury had been demanded, the note of issue was prior to the stipulations previously referred to, the placing of the cases on the court term, the failure of counsel to appear at the hearing he had requested on his motion for jury trial, and the courts subsequent order denying his motion for such trial.

In light of these circumstances, we believe that it was proper for the trial court to proceed without a jury. *See* Rule 39(a), N.D.R.Civ.P.[4]   Although the procedural facts are different in this case, we think what this court said in *Udgaard v. Schindler*, 75 N.D. 625, 31 N.W.2d 776 (1948), is significant:

> "The record shows that the trial judge set the case for trial without a jury and that the defendants went to trial without objection or demand for a jury trial. They raised the question for the first time, upon a motion for a new trial. Certainly the defendants could not voluntarily submit the issues of a case to a court without a jury and hold in reserve their claim of a right to a jury trial in the event the

decision should go against them." 31 N.W.2d at 780.

Actions or conduct inconsistent with a party's demand for a jury trial may waive that right. *Westamerica Securities, Inc. v. Cornelius*, 214 Kan. 301, 520 P.2d 1262, 1268 (1974).   In *Westamerica*, the defendants had made a timely demand for a jury which had been denied.  They then stipulated the facts to the court.  The defendants did not reassert a demand for a jury or object to the court proceeding with the case.  The Supreme Court of Kansas determined that the defendants had waived their right to a jury.  520 P.2d at 1268.

For the reasons stated in this opinion, the judgments are affirmed.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

---

4. *"RULE 39.   TRIAL BY JURY OR BY THE COURT*

"(a) *By Jury.*  When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action.  The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury . . ."