**FIRST WESTERN BANK OF MINOT,**
**Plaintiff and Appellee,**

v.

**Gerald WICKMAN, Defendant**
**and Appellant,**

and

**Alice Wickman, Third Party**
**Plaintiff and Appellant.**

**Civ. No. 920253.**

Supreme Court of North Dakota.

May 28, 1993.

Appellant, p. 1.

---

**1.** Sabot's attorney states that he became Sabot's attorney on 12 August 1992. Reply Brief of

Michael S. McIntee of McIntee Law Firm, Towner, for defendant and appellant.

Richard P. Olson of Olson, Burns and Lee, Minot, for plaintiff and appellee.

LEVINE, Justice.

Gerald Wickman and Alice Wickman (Wickmans) appeal from a judgment entered after a bench trial dismissing their counterclaim against First Western Bank for fraud and misappropriation.

The dispositive issue on appeal is whether the trial court wrongfully accepted Wickmans' counsel's waiver of jury trial.[1] We conclude that it did and we reverse and remand for jury trial.

The Wickmans timely demanded a jury trial on their counterclaim. The trial court denied First Western's pretrial motion to strike the jury trial and again denied First Western's renewal of that motion at the pretrial conference. The trial court determined that the Wickmans were entitled to a jury trial on the legal issues raised by their counterclaim. The court noted, however, that: "If the [Wickmans] want to waive their right to a jury trial, I'd be more than happy to accept that waiver, and deal with the matter as a bench trial. But, I don't think [they] are going to offer us a waiver ... at this point...." Wickmans' counsel responded that he had unavailingly recommended a bench trial to his clients on two prior occasions and would try again after the pretrial conference.

As the pretrial conference neared completion, however, counsel for the parties further discussed the matter off the record in chambers. Following counsel's discussion, and back on the record, the court announced that "counsel have told me that they will stipulate to a bench trial ... if the court will grant a continuance of at least

---

1. First Western Bank raised an issue of the statute of limitations below and on appeal. Because the trial court did not address the issue, neither do we. Of course, First Western Bank is free to reassert its statute-of-limitations argument on remand.

thirty days." [2] The bench trial was scheduled accordingly and, subsequently, was conducted without objection.

One of the problems with this case is the error committed when counsel for the Wickmans waived Wickmans' demand for a jury trial without Wickmans' consent. That error was compounded when the trial court, knowing Wickmans had not consented, accepted counsel's stipulation waiving Wickmans' demand for a jury trial. Rule 38(e), N.D.R.Civ.P., says, in part, that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Rule 39(a), N.D.R.Civ.P., says, in part, that "[w]hen trial by jury has been demanded as provided in Rule 38," it shall be so conducted, unless "the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury...." Under these rules, an attorney may waive a client's right to a jury trial only with the client's consent. Here, the Wickmans' demand for a civil jury trial was withdrawn by their attorney, which is permissible under Rule 39(a), N.D.R.Civ.P. It is clear, however, that the Wickmans did not consent to the waiver, which they must do under Rule 38(e), N.D.R.Civ.P. Reading the two rules together, we conclude that an attorney may withdraw a client's demand for a jury trial, without the actual appearance of the client or the submission of his or her signed statement, only if the attorney is expressly authorized by the client to do so.[3] *See Graves v. P.J. Taggares Co.,* 94 Wash.2d 298, 616 P.2d 1223 (1980). *Cf., e.g., Midwest Federal Savings Bank v. Dickinson Econo–Storage,* 450 N.W.2d 418, 421 (N.D.1990) ["without the consent of the client, an attorney may not waive his or her client's substantial rights"]. Here, the trial court knew that Wickmans' counsel was without authority, either express or apparent, to waive jury trial. Accordingly, the Wickmans' demand for a jury trial was not properly withdrawn.

However, the Wickmans and their counsel not only appeared and participated in the bench trial that was subsequently conducted, but also failed to object to that proceeding or to renew their demand for a jury trial. In *Keller v. Darling,* 298 N.W.2d 789 (N.D.1980), counsel for Darling filed a motion for a jury trial upon receiving notice that Darling's lawsuit, originally scheduled for trial by jury, had been rescheduled as a bench trial. Counsel, however, failed to appear at the hearing on the motion and the motion was denied. At the bench trial, counsel for Darling failed to object or to reassert his clients' right to a jury trial. We held that "it was proper for the trial to proceed without a jury," stating further that "[a]ctions or conduct inconsistent with a party's demand for a jury trial may waive that right." *Id.* at 791.[4] Simi-

---

**2.** Wickmans' counsel claims that he was improperly pressured by the trial court, during off-the-record discussions, to waive jury trial. Because Wickmans' counsel failed to make a record below of the alleged coercion, there is nothing for us to review on appeal.

**3.** In contrast to our civil rules of procedure, the North Dakota Rules of Criminal Procedure make no express provision for waiver of a client's right to a jury trial by the client's attorney. In felony criminal proceedings, Rule 23, NDRCrimP requires the defendant's *personal* waiver, in writing or orally in open court, of his or her right to a jury trial. *State v. Bakke,* 498 N.W.2d 819, (N.D.Ct.App.1993). Thus, the question whether a client consented to his or her attorney's waiver of the right to a jury trial cannot arise in a felony case. However, Rule 11(b), N.D.R.Crim.P., "implicitly authorize[s] counsel to waive a misdemeanor defendant's right to trial by jury." *Id.* Whether counsel

must be authorized by the misdemeanant before he or she may waive the misdemeanant's right to jury trial has not been decided. *See Bakke, supra; State v. Gates,* 496 N.W.2d 553 (N.D. 1993).

**4.** Of course, the opposite is true with regard to waiver of the right to a jury trial in criminal proceedings; we never imply waiver in a criminal case. *See e.g., State v. Gates,* 496 N.W.2d 553 (N.D.1993). The stark contrast stems not only from the strong preference, in a criminal case, to place decisions regarding a defendant's potential loss of liberty in the hands of a panel of his or her peers, *see State v. Kranz,* 353 N.W.2d 748, 751 (N.D.1984) (citation omitted) ["The right to be tried by one's peers is fundamental to the American system of criminal justice; 'an inestimable safeguard against the corrupt or overzealous prosecutor and against the compl[ia]nt, biased, or eccentric judge.'"], but

larly, in *Udgaard v. Schindler*, 31 N.W.2d 776, 780 (N.D.1948), this court held that actions may constitute a waiver of the right to a jury trial, reasoning that:

"The record shows that the trial judge set the case for trial without a jury and that the defendants went to trial without objection or demand for a jury trial. They raised the question for the first time, upon a motion for a new trial. Certainly, the defendants could not voluntarily submit the issues of a case to a court without a jury and hold in reserve their claim of a right to a jury trial in the event the decision should go against them."

*Keller* and *Udgaard* are distinguishable. In *Keller* and *Udgaard*, it does not appear that either trial judge had actual knowledge that the prior waiver was unauthorized. It is unreasonable, we believe, to require a litigant to voice an objection to a bench proceeding when his or her attorney has wrongfully waived jury trial in the first place and the trial court has wrongfully accepted that waiver. A primary purpose of an objection is to disclose to the trial court the existence of error. It is unjustifiable to insist upon a litigant's objection to disclose an unauthorized waiver of jury trial, when the record unambiguously tells us that the trial court, in fact, had actual knowledge that the waiver was made without the consent of the parties on whose behalf the attorney purported to act. To be sure, if the record of the trial court's

knowledge were less than conclusive, then, *Keller* and *Udgaard* would govern and would require an objection by Wickmans to proceeding with a bench trial, in order to preserve the issue for appeal and avoid application of the *Keller–Udgaard* principle of acquiescence. The record, here, however, is unequivocal that the trial court knowingly accepted an invalid waiver of jury trial. Consequently, it was up to the trial court to ascertain, before proceeding with the bench trial, whether Wickmans were willing to ratify, as it were, the earlier invalid waiver of jury trial and proceed with a bench trial instead.

Reversed and remanded for a jury trial.

VANDE WALLE, C.J., SANDSTROM, J., and JAMES A. WRIGHT, District Judge, concur.

JAMES A. WRIGHT, District Judge, sitting in place of NEUMANN, J., disqualified.

MESCHKE, J., deeming himself disqualified after oral argument, did not participate in this decision.

from the fundamentally different treatment of the right to a jury trial by our civil and criminal rules of procedure. Under Rule 23, N.D.R.Crim.P., a defendant is guaranteed a jury trial without saying a word. The right is so important in a criminal context that the defendant need not demand it. *See Kranz, supra.* The contrary is true in a civil case. Rule 38, N.D.R.Civ.P., expressly provides that a litigant loses his or her right to a jury trial, if the case,

in fact, involves issues of fact properly triable by a jury, if he or she does not demand it "in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to" an "issue triable of right by jury...." *See also* N.D.R.Civ.P. 49. Accordingly, our Rules of Civil Procedure reflect the view that waiver of the right to a civil jury trial may at times be implied from a litigant's conduct.