2003 ND 51

QUESTA RESOURCES, INC., dba Questa Mortgage; First National Acceptance Company of North America, Plaintiffs and Appellees,

v.

Clark B. STOTT; Valley Honey Company, L.L.C.; Rebecca Graves; Larry Young; H. Austin Belnap; Crouse 05–27K; Ray Knoefler; Advanced Technology Feasibility Group, LLC; Iva Nette Knoefler; Albert G. Knoefler; Harold R. Knoefler, Knoefler Honey Farms; Valley Honey, LLC; Clark Stott dba Stott Apiaries; Carlson Systems; Cms Gilbreth Packing Systems, Inc.; Gregory Shephard dba Golden Honey; Drummond American Corporation; Harold Knoefler dba Golden Honey Inc.; Douglas J. Magnus; Ram-rom Business, Inc.; Sales Force Companies, Inc.; Harold Knoefler dba Golden Honey Co.; Smithway Motor Xpress, Inc.; Centra, Inc. dba Central Transport, Inc.; Mack & Associates, Inc.; The United States of America through the Internal Revenue Service; Joan P. Knoefler; Maxine E. Knoefler; Golden Equipment Co.; Bay View Funding; and any person in possession; and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon, the property described in the Amended Complaint, Defendants,

Larry Young, Defendant and Appellant.

No. 20020267.

Supreme Court of North Dakota.

March 31, 2003.

Randall N. Sickler, Mackoff, Kellogg, Kirby & Kloster, P.C., Dickinson, ND, for plaintiffs and appellees.

Larry Young, pro se, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Larry Young ("Young") appealed a summary judgment foreclosing a mortgage on property located in Burleigh County, North Dakota. We conclude the trial court did not err in granting summary judgment to Questa Resources, Inc., d/b/a Questa Mortgage, and First National Acceptance Company of North America (collectively referred to as "Questa"). We affirm the judgment of the trial court, and we award costs, including reasonable attorney fees, in favor of Questa and against Young in the amount of $1500 under Rule 38, N.D.R.App.P.

I

[¶ 2] In July 1998, Valley Honey Company and Clark Stott executed and delivered a promissory note to Questa for $175,000. To secure payment of the promissory note, Valley Honey and Stott executed and delivered to Questa a mortgage on the property. The mortgage was recorded on November 4, 1999. In January 2001, the interest in the mortgage was assigned by Questa to First National Acceptance Company of North Dakota.

[¶ 3] The mortgage contains a power of sale which, upon default of any of the terms and conditions, permits the holder of the mortgage to foreclose its interest in the mortgaged property to satisfy the debt. Valley Honey Company and Clark Stott defaulted under the terms of the promissory note and mortgage by failing to pay principal and interest owing and by failing to pay taxes, assessments, and insurance premiums. Questa began proceedings in the trial court to foreclose the mortgage. Questa moved for summary judgment, asserting there is no genuine issue of material fact and Questa's mortgage is superior to all other claimed interests in the mortgaged property. The trial court granted Questa's motion for summary judgment. Judgment was entered and the property was sold. Larry Young appeals the summary judgment foreclosing the mortgage on the property. Young claims an interest in the mortgaged property by virtue of several quitclaim deeds.

II

[¶ 4] Young argues the trial court erred in granting Questa's motion for summary judgment because Questa has not complied with the requirement of N.D.C.C. § 10–19.1–142(1), which specifies that "[a] foreign corporation transacting business in this state may not maintain any claim, action, suit, or proceeding in any court of this state until it possesses a certificate of authority." However, N.D.C.C. § 10–19.1–143 further explains N.D.C.C. § 10–19.1–142, and provides:

1. The following activities of a foreign corporation, among others, do not constitute transacting business within the meaning of this chapter:

. . .

g. Creating or acquiring indebtedness, mortgages, and security interest in real or personal property;

h. Securing or collecting debts or enforcing mortgages and security interests in property securing the debts; . . .

[¶ 5] We conclude Questa was not required to obtain a certificate of authority

before commencing an action in the trial court to foreclose the mortgage. Section 10–19.1–143, N.D.C.C., specifically provides that the creation and enforcement of a security by way of a mortgage is not transacting business in this state for purposes of N.D.C.C. ch. 10–19.1.

## III

[¶ 6] Young also contends Questa lacked legal capacity to commence a trial court action because it was not licensed to do business as a debt collection agency. Young did not raise this issue in the trial court. "We have repeatedly held that issues not raised in the trial court cannot be raised for the first time on appeal." *Wenzel v. Wenzel,* 469 N.W.2d 156, 158 (N.D. 1991). We refuse to consider this issue.

## IV

[¶ 7] Questa asserts this appeal is frivolous and requests costs and attorney fees under N.D.R.App.P. 38. Rule 38, N.D.R.App.P., provides: "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." An appeal is frivolous under Rule 38, N.D.R.App.P., "if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Mitchell v. Preusse,* 358 N.W.2d 511, 514 (N.D.1984).

[¶ 8] We conclude Young's arguments were so factually and legally devoid of merit that he should have been aware of the impossibility of success on appeal. Questa submitted an affidavit outlining its costs, including attorney fees, which have been incurred in this appeal. Young's appeal is frivolous and we award Questa costs, including reasonable attorney fees, in the amount of $1500.

## V

[¶ 9] We conclude Questa was not required to obtain a certificate of authority prior to commencing proceedings in the trial court to foreclose the mortgage. We affirm the judgment of the trial court and under Rule 38, N.D.R.App. P., we award Questa costs, including reasonable attorney fees, in the amount of $1500.

[¶ 10] GERALD W. VandeWALLE, C.J., GEORGIA DAWSON, D.J., DALE V. SANDSTROM, and WILLIAM A. NEUMANN, JJ., concur.

[¶ 11] The Honorable GEORGIA DAWSON, D.J., sitting in place of MARING, J., disqualified.