2003 ND 148

**Timothy C. LAMB, Plaintiff and Appellee,**

v.

**Roland RIEMERS, Defendant and Appellant.**

**No. 20030130.**

Supreme Court of North Dakota.

Sept. 23, 2003.

Rehearing Denied Oct. 23, 2003.

Timothy C. Lamb (on brief), pro se, Grand Forks, ND, for plaintiff and appellee.

Roland Riemers (on brief), pro se, Grand Forks, ND, for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Roland Riemers appealed from a judgment ordering him to return a $5,000 earnest money deposit made by Timothy Lamb for the purchase of an apartment complex from Riemers. We hold Riemers waived his right to a jury trial. We further hold the trial court did not err in construing the purchase contract, and we affirm.

I

[¶ 2] On February 1, 2002, Riemers and Lamb executed an earnest money receipt and purchase agreement with Lamb agreeing to purchase an eighteen-plex apartment building in Grand Forks from Riemers for $450,000. Lamb gave Riemers a check in the amount of $5,000 as earnest money for the purchase. Lamb asserts he was unable to secure appropriate financing and the sale was never completed. Riemers retained the $5,000 earnest money and refused to return it. Lamb then filed an action in small claims court for return of the money. Riemers moved the action to district court and requested a jury trial.

[¶ 3] At a pretrial conference on February 12, 2003, the trial court denied Riemers' demand for a jury trial on the ground that "this matter involves equity, seeking the enforcement of a contract." Riemers did not make an appearance at the hearing, nor does the record before us disclose that he ever made any objection to the ruling. Both parties appeared at the bench trial on March 11, 2003. After the trial, the court issued a memorandum decision and judgment requiring Riemers to return the earnest money to Lamb. Riemers appealed.

II

[¶ 4] Riemers asserts the trial court erred in denying him a jury trial. Money damages are traditionally legal relief triable by a jury and, while money damages incidental to primary equitable relief may not always qualify for a jury trial, where only legal relief is requested a trial by jury should be accorded on demand. *Moses v. Burleigh County*, 438 N.W.2d 186, 194 (N.D.1989). An action at law for the recovery of money is triable to a jury as a matter of right. *First Nat'l Bank & Trust Co. of Williston v. Brakken*, 468 N.W.2d 633, 635 (N.D.1991). Lamb's action was for the recovery of money from Riemers and, therefore, trial by jury was appropriate.

[¶ 5] However, Riemers made no appearance at the hearing where the court ruled on his demand for jury trial, and the record on appeal fails to disclose any objection by Riemers either before or at the bench trial in which he fully participated. Actions or conduct inconsistent with a party's demand for a jury trial may waive that right. *Keller v. Darling*, 298 N.W.2d 789, 791 (N.D.1980). A party, in proceeding with a bench trial, must register an objection to the denial of the demand for jury trial to preserve the jury trial issue for appeal. *See First Western Bank of Minot v. Wickman*, 500 N.W.2d 896, 899 (N.D.1993). In *Keller*, counsel for Darling filed a motion for a jury trial upon learning that the lawsuit had been rescheduled as a bench trial. However, counsel failed to appear at the hearing on the motion and the motion was denied. At the bench trial, counsel for Darling also failed to object or reassert his client's right

to a jury trial. Under those circumstances, this Court held it was proper for the trial to proceed without a jury, because Darling's actions were inconsistent with the demand for a jury trial and constituted a waiver of that right. *Keller*, at 791. The facts here are similar to the circumstances in *Keller*. Riemers failed to appear at the hearing in which the motion for jury trial was denied and the record fails to disclose any subsequent objection. We conclude Riemers' conduct was inconsistent with his request for a jury trial and that he, therefore, waived that right.

### III

[¶ 6] Riemers asserts the trial court erred in construing the purchase agreement to require him to return the earnest money to Lamb. Construction of a written contract to determine its legal effect is a question of law for the court to decide and, on appeal, this Court will independently examine and construe the contract to determine if the trial court erred in its interpretation of it. *Kondrad ex rel. McPhail v. Bismarck Park Dist.*, 2003 ND 4, ¶ 6, 655 N.W.2d 411. If the intent of the parties can be ascertained from the agreement alone, interpretation of the contract is a question of law. *Spagnolia v. Monasky*, 2003 ND 65, ¶ 10, 660 N.W.2d 223. Extrinsic evidence is properly considered only if the language of the agreement is ambiguous and the parties' intentions cannot be determined from the writing alone. *Meide v. Stenehjem ex rel. State of N.D.*, 2002 ND 128, ¶ 7, 649 N.W.2d 532.

[¶ 7] The trial court construed the purchase agreement language that the earnest money "is to be held by seller until closing" as requiring the seller to return the earnest money if closing did not occur. Earnest money is generally defined as a comparatively small down payment made as an assurance that the

purchaser is in earnest and good faith and that if he fails to purchase the property the deposit will be forfeited. *Bishop Ryan High School v. Lindberg*, 370 N.W.2d 726, 728 (N.D.1985). Unless the contract specifically provides otherwise, the seller ordinarily may retain earnest money only if the buyer breaches the agreement. *See Halldorson v. Gunderson*, 401 N.W.2d 519, 522 (N.D.1987).

[¶ 8] Closing never occurred in this case, and Lamb asserts he did not purchase the apartment complex because he was unable to secure appropriate financing, a condition of the purchase agreement. There was no finding by the court that Lamb breached the contract. While Riemers claims this appeal raises nothing but legal issues, the question of whether Lamb breached the contract is a question of fact. *Trinity Health v. North Cent. Emergency Servs., P.C.*, 2003 ND 86, ¶ 16, 662 N.W.2d 280. However, Riemers did not provide us with a transcript, and we cannot review that fact issue without one. As the appellant, Riemers has the duty to provide this Court with a transcript, and he must assume the consequences and the risk of failing to provide one. *Wagner v. Miskin*, 2003 ND 69, ¶ 9, 660 N.W.2d 593. We, therefore, conclude the trial court did not err in construing the purchase agreement or in determining that, under the circumstances, Riemers is required to return the earnest money to Lamb.

### IV

[¶ 9] Lamb asserts Riemers' appeal is frivolous, and he requests court costs for a frivolous appeal. Under N.D.R.App.P. 38, if the court determines an appeal is frivolous it may award just damages and single or double costs, including reasonable attorney fees. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence

in the course of litigation which could be seen as evidence of bad faith. *Questa Resources, Inc. v. Stott*, 2003 ND 51, ¶ 7, 658 N.W.2d 756. We conclude Riemers' appeal was not so devoid of merit as to constitute a frivolous appeal, and we deny the request.

[¶ 10]   The judgment is affirmed.

[¶ 11] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.