Filed 7/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 144

In the Matter of the Estate of Maxine J. Vestre, Deceased

Rose Morgan, Petitioner and Appellant

v.

James Vestre, Respondent and Appellee

No. 20100400

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable William W. McLees, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Debra Lynn Hoffarth (argued), 2525 Elk Drive, P.O. Box 1000, Minot, ND 58702-1000, for petitioner and appellant.

Michael S. McIntee (argued), 207 Main Street S., P.O. Box 90, Towner, ND 58788-0090, for respondent and appellee.

Estate of Vestre

No. 20100400

Crothers, Justice.

[¶1] Rose Morgan appeals from the district court’s judgment denying probate of Maxine Vestre’s will after a jury found Maxine Vestre lacked testamentary capacity to make a will and the will was the product of undue influence.  Morgan argues the district court erred by allowing a jury trial after James Vestre (“Vestre”) waived his right to a jury trial, by denying her motions for summary judgment and judgment as a matter of law, by admitting certain evidence and by refusing to use her proposed jury instruction on forgetfulness.  We affirm.  

I

[¶2] Maxine Vestre died on December 26, 2008.  On January 27, 2009, Morgan, Maxine Vestre’s friend, applied for appointment as the personal representative for the estate and to informally probate the will executed on February 2, 2007.  Morgan is the personal representative named in the February 2, 2007 will.  On February 4, 2009, Vestre filed an objection to probate of the will and to appointment of Morgan as the personal representative, alleging that the will was invalid because Maxine Vestre was subject to undue influence and that Maxine Vestre lacked testamentary capacity when she executed the will. 

[¶3] On April 28, 2009, the court issued a scheduling order, stating a jury trial was requested.  On May 26, 2009, Vestre’s attorney wrote a letter to the court, stating Vestre waived his right to a jury trial.  On September 1, 2009, Vestre demanded a jury trial.  Morgan objected to the jury demand, arguing Vestre waived his right to a jury trial.  The district court held a jury trial.  

[¶4] On January 8, 2010, Morgan moved for summary judgment, arguing Vestre had not met his burden of raising more than a mere suggestion of undue influence and lack of testamentary capacity.  Vestre opposed the motion, arguing he raised questions of material facts.  The court denied Morgan’s summary judgment motion.

[¶5] Before trial, Morgan proposed a jury instruction using the term “mere forgetfulness.”  The district court concluded that those words are covered by the term “memory” in a different instruction and that including them would confuse the jury.  On October 5, 2010, a three-day jury trial began.  Morgan lodged several objections to evidence presented by Vestre, arguing the evidence was not relevant because it was remote in time to the execution of the will.  The court overruled the objections, stating the timing of the evidence was an issue of weight for the jury to decide.  At the conclusion of evidence, Morgan moved for judgment as a matter of law, which the court denied.  The jury returned a special verdict finding Maxine Vestre lacked testamentary capacity and was subject to undue influence.  Judgment denying probate of the will was entered on the jury’s verdict and Morgan appeals. 

II

[¶6] Morgan argues the district court abused its discretion by holding a jury trial after Vestre waived his right to a jury trial.  Vestre asserts the district court did not abuse its discretion.  Under Rule 38(b), N.D.R.Civ.P., “[o]n any issue triable of right by a jury, a party may demand a jury trial.”  “A proper [jury trial] demand may be withdrawn only if the parties consent.”  N.D.R.Civ.P. 38(e). 

[¶7] “[A] trial court has broad discretion to grant relief from the waiver of the right to a jury trial.”  
Greenwood, Greenwood & Greenwood, P.C. v. Klem
, 450 N.W.2d 745, 747 (N.D. 1990).  This Court will not reverse a trial court’s decision about “an untimely request for a jury trial unless the trial court abused its discretion.”  
Id.
  “A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.”  
In re Estate of Cashmore
, 2010 ND 159, ¶ 21, 787 N.W.2d 261.  

[¶8] At a motion conference on April 17, 2009, the district court agreed to allow the parties to request a jury trial until September 1, 2009.  On May 26, 2009, Vestre’s attorney sent a letter to the district court stating, “After discussing this matter with my client, he has indicated that he would request that this matter be tried to the Court, rather than to a jury.”  On September 1, 2009, Vestre sent the district court a jury demand.  Morgan opposed the jury demand, arguing Vestre waived his right to a jury trial.  The district court held a jury trial.  

[¶9] Vestre relies on 
First Western Bank v. Wickman
 to argue that his attorney could not withdraw the jury demand.  500 N.W.2d 896 (N.D. 1993).  This case is different than 
Wickman
.  In 
Wickman
, the attorney did not have his client’s consent to withdraw the jury demand, and the district court was aware the attorney did not have his client’s consent.  
Id.
 at 898.  Here, nothing in the record suggests that Vestre’s attorney did not have Vestre’s permission to withdraw the jury demand nor that the court had any knowledge of Vestre’s lack of consent.  Vestre’s reliance on 
Wickman
 is misplaced.  An attorney is able to withdraw a jury demand on behalf of a client with the client’s consent.  
Id.
 (“[A]n attorney may withdraw a client’s demand for a jury trial, without the actual appearance of the client or the submission of his or her signed statement, only if the attorney is expressly authorized by the client to do so.”).  

[¶10] Vestre argues his jury demand was valid because he sent it before the district court’s September 1, 2009 deadline.  Whether the jury demand was before the deadline is not relevant.  “Once a right is waived at a court proceeding, the trial court can reinstate that right should it choose.”  
Steckler v. Steckler
, 492 N.W.2d 76, 79 (N.D. 1992).  Here, the district court decided to hold a jury trial after Vestre waived and then renewed his right to a jury trial.  Morgan failed to show the district court erred by reinstating Vestre’s right to a jury trial.  Even assuming error, Morgan has not established prejudice by the jury trial.  Rule 39(c), N.D.R.Civ.P., permits the district court to use an advisory jury to try the factual issues in a case.  
See
 
Murphy v. Murphy
, 1999 ND 118, ¶ 44, 595 N.W.2d 571 (“[A] trial court may submit, in its discretion, factual questions to an advisory jury.” (quoting 
Sargent County Bank v. Wentworth
, 500 N.W.2d 862, 872 (N.D. 1993))).  Because the district court could have used an advisory jury without the party’s consent, we cannot see under the facts of this case how the court abused its discretion by holding a jury trial after Vestre’s waiver.

III

[¶11] Morgan asserts the district court committed reversible error by admitting evidence remote in time to execution of the will.  Vestre argues the evidence was relevant to both the competency and the undue influence claims.  A district court’s admission of evidence is reviewed for an abuse of discretion.  
Davis v. Killu
, 2006 ND 32, ¶ 6, 710 N.W.2d 118.  “A trial court has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused.”  
Id.
  “A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process.”  
Id.
 

[¶12] Under Rule 402, N.D.R.Ev., “[a]ll relevant evidence is admissible.”  “‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”  N.D.R.Ev. 401.  “[T]rial judges should exclude evidence which is offered to show the relations of the parties to one another which relates to a time which is so remote from the execution of the will that it could not reasonably tend to prove the existence or nonexistence of undue influence.”  
Okken v. Okken Estate
, 348 N.W.2d 447, 451 (N.D. 1984).  Whether evidence should be excluded on the basis of remoteness is left to the trial court.  
Id.

[¶13] Morgan’s evidentiary challenges center on several pieces of evidence.  The majority of the evidence she challenges is from the years 2004 to 2008.  When considering Morgan’s objections, the district court stated the amount of time between the execution of the will and the evidence being admitted goes to weight more than admissibility.  Testamentary capacity is based on the testator’s capacity at the time she signed the will.  
Stormon v. Weiss
, 65 N.W.2d 475, 508 (N.D. 1954) (“The critical inquiry in determining testator’s mental capacity to execute a will is directed to his condition of mind at the very time he signed the will and evidence of his previous or subsequent conduct is admissible only so far as it may throw light on his mental condition at the precise moment that the will was signed.”).  However, evidence is relevant to undue influence if it tends to prove or disprove “(1) that the testator was subject to such influence; (2) that the opportunity to exercise it existed; (3) that there was a disposition to exercise it; and (4) that the result appears to be the effect of such influence.”  
Okken
, 348 N.W.2d at 450.  

[¶14] The evidence from the years 2004 to 2008 shows Maxine Vestre’s decline with Alzheimer’s disease and also shows Morgan’s active involvement in Maxine Vestre’s life.  Maxine Vestre first saw doctors for a change in cognitive function in 2004.  Maxine Vestre moved into a retirement home in 2006.  While living in the retirement home, Maxine Vestre started coming out of her room without her wig and putting table clothes on her bed instead of sheets.  She was also admitted to the mental health unit at the hospital for dementia.  As a result, in March 2008, Maxine Vestre moved into a skilled nursing facility.  Four weeks later, Maxine Vestre was moved to the secured Alzheimer’s unit at the nursing home because she tried to perform nursing duties on other patients.  During this same time period, Morgan was spending an increasing amount of time with Maxine Vestre.  Morgan was Maxine Vestre’s healthcare decision maker.  Morgan also drove Maxine Vestre to an attorney’s office to talk about drafting Maxine Vestre’s will.  On February 2, 2007, Morgan drove Maxine Vestre to the attorney’s office to execute a will.  The district court did not abuse its discretion by admitting evidence from the four years surrounding the signing of the will because it is not so remote in time to have no relevance to whether undue  influence existed.

[¶15] Morgan argues the district court erred by admitting a calendar from 1979.  Vestre introduced it to show Maxine Vestre knew how to spell her brother’s name and to show her handwriting.  This evidence was introduced to show that someone other than Maxine Vestre drafted the typewritten list given to Maxine Vestre’s attorney to use while drafting her will.  Morgan’s possible role in drafting the list of heirs for the attorney is relevant to the undue influence question.  The district court did not abuse its discretion by admitting the 1979 calendar. 

[¶16] Morgan argues the district court erred by admitting the previous will and codicil.  In the 1983 codicil, Morgan inherits $1500 as compared to 35 percent of the estate under the 1997 will.  This evidence is relevant to show the difference in distribution of Maxine Vestre’s estate between the two wills, which provides relevant evidence that the new will was a product of undue influence.  The district court did not abuse its discretion by admitting the previous will and codicil. 

[¶17] Morgan asserts the district court erred by admitting documents from the 1980s pertaining to real estate Maxine Vestre and Morgan purchased together.  These documents seem marginally relevant to the undue influence or the testamentary capacity issues.  However, under Rule 61, N.D.R.Civ.P., “[u]nless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.”  Morgan fails to establish she is prejudiced by the admission of the real estate documents. 

[¶18] Vestre introduced a copy of Maxine Vestre’s check registers from 1985 until 2001.  Vestre introduced the registers to show Maxine Vestre never received half of the proceeds from real estate Maxine Vestre and Morgan owned together.  In addition, Vestre used the registries in an attempt to show Morgan signed several of Maxine Vestre’s checks at Hardee’s, suggesting that Morgan was using Maxine Vestre to purchase food for Morgan.  Although marginally relevant, as recognized by the trial court, it does not appear that admission of this evidence was arbitrary, capricious or unreasonable.  

IV

[¶19] Morgan argues the district court erred by not granting her motions for summary judgment and for judgment as a matter of law.  “If a case goes to trial after a motion for summary judgment is denied, the question of whether the trial court erred in denying summary judgment is moot; the appropriate question on appeal is whether the trial court erred in denying the movant’s subsequent motion for judgment as a matter of law.”  
Olander Contracting Co. v. Gail Wachter Invs.
, 2002 ND 65, ¶ 9, 643 N.W.2d 29.  Thus, we are unable to review the district court’s denial of Morgan’s summary judgment motion.  “A trial court’s decision on a motion for judgment as a matter of law is fully reviewable on appeal.”  
Berg v. Dakota Boys Ranch Ass’n
, 2001 ND 122, ¶ 12, 629 N.W.2d 563.  This Court has explained:

“The trial court’s decision on a motion brought under N.D.R.Civ.P. 50 to deny or grant judgment as a matter of law is based upon whether the evidence, when viewed in the light most favorable to the party against whom the motion is made, leads to but one conclusion as to the verdict about which there can be no reasonable difference of opinion.  In considering this motion, the trial court must apply a rigorous standard with a view toward preserving a jury verdict, and so must we in our review on appeal.  In determining if the evidence is sufficient to create an issue of fact, the trial court must view the evidence in the light most favorable to the non-moving party, and must accept the truth of the evidence presented by the non-moving party and the truth of all reasonable inferences from that evidence which support the verdict.  The trial court’s decision on a motion for judgment as a matter of law is fully reviewable on appeal.”

Minto Grain, LLC v. Tibert
, 2009 ND 213, ¶ 7, 776 N.W.2d 549 (quoting 
Amyotte ex rel. Amyotte v. Rolette County Hous. Auth.
, 2003 ND 48, ¶ 15, 658 N.W.2d 324).

A

[¶20] Morgan argues the district court erred by failing to grant her motion for judgment as a matter of law because insufficient evidence existed to show Maxine Vestre’s will was the product of undue influence.  

[¶21] This Court has defined “undue influence in the context of a will contest as the substitution of the purpose and intent of one exercising influence for the purpose and intent of the testator.”   
In re Estate of Stave
, 2007 ND 53, ¶ 12, 729 N.W.2d 706 (quoting 
In re Estate of Howser
, 2002 ND 33, ¶ 9, 639 N.W.2d 485).  To establish undue influence, the person challenging the will must prove “1) a testator subject to undue influence; 2) the existence of the opportunity to exercise undue influence; 3) a disposition to exercise undue influence; and 4) a result that appears to be the effect of undue influence.”  
In re Estate of Stave
, at ¶ 12 (quoting 
In re Estate of Howser
, at ¶ 9).  

[¶22] On the question whether Maxine Vestre was subject to undue influence, several witnesses testified about Maxine Vestre’s declining mental sharpness.  A registered nurse who worked at the retirement home testified that in 2005 Maxine Vestre started coming out of her room without her wig and started putting table clothes on her bed instead of sheets.  In 2005, Maxine Vestre had trouble understanding what was going on before she had knee surgery and began asking who was taking care of her deceased mother.  Maxine Vestre’s medical records from February 15 and June 26, 2007 stated she had dementia, confusion and memory loss.  In the fall or winter 2006, Maxine Vestre did not remember she had a car or where it was located. 

[¶23] On the second issue concerning the opportunity to exercise undue influence, several witnesses testified Morgan controlled who had contact with Maxine Vestre.  A social worker from the nursing home testified Morgan wanted to continue being the contact person at the nursing home, and a nurse testified Morgan told the nurse to call her, not the family.  Testimony revealed that Morgan told Juli Vestre, Maxine Vestre’s niece, not to interfere with Maxine Vestre’s care and that Juli Vestre was told that her inheritance would be gone if she did not stop her father’s guardianship proceedings over Maxine Vestre.  Vestre testified that Maxine Vestre said she wanted to set up a college fund for his children but she needed to hide it from Morgan and that Maxine Vestre gave Vestre presents for his children in the parking lot so that Morgan would not see Maxine Vestre give it to Vestre.  Testimony also established Morgan refused to allow anyone else to feed Maxine Vestre.  

[¶24] For the third issue, a disposition to exercise undue influence, the attorney who drafted the will testified he used the list of beneficiaries and amounts prepared by Morgan.  Morgan denies preparing the list.  Morgan was seen at the law firm twice before the attorney drafted Maxine Vestre’s will.  Morgan drove Maxine to the law office to have the will prepared and again when it was time to execute the will.  

[¶25] The final fact necessary to establish undue influence requires showing a result appearing to be the effect of undue influence.  In the February 2, 2007 will, Morgan inherits 35 percent of Maxine Vestre’s estate.  This is substantially more than the $1,500 Morgan would have received under the prior will.  We conclude, when viewing the evidence in the light most favorable to the jury verdict, sufficient evidence exists to create a triable jury issue on whether Maxine Vestre’s will was the product of undue influence. 

B

[¶26] Morgan argues the district court erred by refusing to grant her a directed verdict on the testamentary capacity issue.  We acknowledge that the evidence allowing this issue to be tried is weaker.  However, we do not need to reach this issue because the will was set aside for undue influence and the resolution of this issue will not affect the outcome of the case.  
See
 
Van Sickle v. Hallmark & Assocs., Inc.
, 2008 ND 12, ¶ 28, 744 N.W.2d 532 (“Any opinion we may give on this issue would be advisory only, and we do not issue advisory opinions.”).  

V

[¶27] Morgan challenges the court’s testamentary capacity instruction, arguing it failed to advise the jury of the law.  Again, we do not reach this issue because the will was set aside for undue influence, and resolution of the issue will not affect the outcome of this case.  
Van Sickle
,  2008 ND 12, ¶ 28, 744 N.W.2d 532.

VI

[¶28] The district court’s judgment denying probate of Maxine Vestre’s will entered after a jury found her will is a product of undue influence is affirmed. 

[¶29] Daniel J. Crothers

Mary Muehlen Maring

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

I concur in the result.

   Carol Ronning Kapsner